**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Ave., 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
         lrosen@rosenlegal.com

Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID HOROWITZ, Individually and On Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>   v.<br><br>SUNLANDS TECHNOLOGY GROUP, TONGBO LIU, YIPENG LI, JIANHONG YIN A/K/A PENG OU, LU LU, MICHAEL MINHONG YU, YANG WANG, GOLDMAN SACHS (ASIA) L.L.C., CREDIT SUISSE SECURITIES (USA) LLC, AND J.P. MORGAN SECURITIES LLC,<br><br>   Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff David Horowitz ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of U.S. Securities and Exchange Commission ("SEC") filings by Sunlands Technology Group ("Sunlands" or the "Company"), as well as media and

analyst reports about the Company and Company press releases. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein.

## NATURE OF THE ACTION

1. Plaintiff brings this securities class action on behalf of persons who purchased or otherwise acquired Sunlands securities pursuant and/or traceable to the registration statement and related prospectus (collectively, the "Registration Statement") issued in connection with Sunlands's March 2018 initial public stock offering (the "IPO" or "Offering"), seeking to recover compensable damages caused by Defendants' violations of the Securities Act of 1933 (the "Securities Act").

2. Sunlands provides online education services in the People's Republic of China. ("PRC"). Sunlands offers various degree and diploma-oriented post-secondary courses, including preparation courses for the self-taught higher education examination ("STE") for learners pursuing associate diplomas or bachelor's degrees, as well as for the entrance examinations of master of business administration programs.

3. In March 2018, Defendants held the IPO, issuing approximately 13 million American Depository Share ("ADS") to the investing public at $11.50 per ADS, pursuant to the Registration Statement.

4. By the commencement of this action, Sunlands ADSs traded around $2.28 per ADS, over 80% decline from the IPO price. As a result, investors were damaged.

## JURISDICTION AND VENUE

5. The claims alleged herein arise under and pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§77k, 77l(a)(2) and 77o.

6.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and Section 22 of the Securities Act (15 U.S.C. §77v).

7.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and §22(a) of the Securities Act (15 U.S.C. §77v(a)) as a significant portion of the Defendants' actions, and the subsequent damages took place within this District.

8.   In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange. Defendants disseminated the statements alleged to be false and misleading herein into this District, and Defendants solicited purchasers of Sunlands securities in this District.

**PARTIES**

9.   Plaintiff, as set forth in the accompanying certification incorporated by reference herein, purchased Sunlands ADSs pursuant and/or traceable to the IPO and was damaged thereby.

10.   Defendant Sunlands is an online post-secondary and professional education company in the PRC. Sunlands is a Cayman Islands corporation with principal executive offices located at Building 4-6, Chaolai Science Park, No. 36, Chuangyuan Road, Chaoyang District, Beijing, 100012, PRC. Sunlands ADSs are listed on the New York Stock Exchange ("NYSE") under the ticker symbol "STG." Sunlands was formally known as Sunlands Online Education Group until August 2018.

11.   Defendant Tongbo Liu ("Liu") was, at all relevant times, Sunland's Chief Executive Officer and a Director. Defendant Liu reviewed, contributed to, and signed the Registration Statement.

12. Defendant Yipeng Li ("Li") was, at all relevant times, Sunland's Chief Financial Officer. Defendant Li reviewed, contributed to, and signed the Registration Statement.

13. Defendant Jianhong Yin ("Yin"), also known as Peng Ou, was, at all relevant times, Sunlands's Chairman of the Board of Directors. Defendant Yin reviewed, contributed to, and signed the Registration Statement.

14. Defendant Lu Lu ("Lu") was, at all relevant times, a Director of Sunlands. Defendant Lu reviewed, contributed to, and signed the Registration Statement.

15. Defendant Michael Minhong Yu ("Yu") was, at all relevant times, a Director of Sunlands. Defendant Yu reviewed, contributed to, and signed the Registration Statement.

16. Defendant Yang Wang ("Wang") was, at all relevant times, a Director of Sunlands. Defendant Wang reviewed, contributed to, and signed the Registration Statement.

17. The Defendants named in ¶¶11-16 are referred to herein as the "Individual Defendants." The Individual Defendants each signed the Registration Statement, solicited the investing public to purchase securities issued pursuant thereto, hired and assisted the underwriters, planned and contributed to the IPO and Registration Statement, and attended road shows and other promotions to meet with and present favorable information to potential Sunlands investors, all motivated by their own and the Company's financial interests.

18. Defendant Goldman Sachs (Asia) L.L.C. is a financial services company that acted as an underwriter for Sunlands's IPO, helping to draft and disseminate the Registration Statement and solicit investors to purchase Sunlands securities issued pursuant thereto.

19. Defendant Credit Suisse Securities (USA) LLC is a financial services company that acted as an underwriter for Sunlands's IPO, helping to draft and disseminate the Registration Statement and solicit investors to purchase Sunlands securities issued pursuant thereto.

20.     Defendant J.P. Morgan Securities LLC is a financial services company that acted as an underwriter for Sunlands's IPO, helping to draft and disseminate the Registration Statement and solicit investors to purchase Sunlands securities issued pursuant thereto.

21.     The Defendants named above in ¶¶18-20 are referred to herein as the "Underwriter Defendants." Pursuant to the Securities Act, the Underwriter Defendants are liable for the false and misleading statements in the Registration Statement as follows:

(a)     The Underwriter Defendants are investment banking houses that specialize in, among other things, underwriting public offerings of securities. They served as the underwriters of the IPO and shared tens of millions of dollars in fees collectively. The Underwriter Defendants arranged a multi-city roadshow prior to the IPO during which they, and representatives from Sunlands, met with potential investors and presented highly favorable information about the Company, its operations and its financial prospects.

(b)     The Underwriter Defendants also demanded and obtained an agreement from Sunlands and the Individual Defendants that Sunlands would indemnify and hold the Underwriter Defendants harmless from any liability under the federal securities laws. They also made certain that Sunlands had purchased millions of dollars in directors' and officers' liability insurance.

(c)     Representatives of the Underwriter Defendants also assisted Sunlands and the Individual Defendants in planning the IPO, and purportedly conducted an adequate and reasonable investigation into the business and operations of Sunlands, an undertaking known as a "due diligence" investigation. The due diligence investigation was required of the Underwriter Defendants in order to engage in the IPO. During the course of their "due diligence," the Underwriter Defendants had continual access to internal, confidential, current corporate

information concerning Sunlands's most up-to-date operational and financial results and prospects.

(d)     In addition to availing themselves of virtually unlimited access to internal corporate documents, agents of the Underwriter Defendants met with Sunlands's lawyers, management and top executives and engaged in "drafting sessions" between at least December 2017 and March 2018. During these sessions, understandings were reached as to: (i) the strategy to best accomplish the IPO; (ii) the terms of the IPO, including the price at which Sunlands ADSs would be sold; (iii) the language to be used in the Registration Statement; what disclosures about Sunlands would be made in the Registration Statement; and (v) what responses would be made to the SEC in connection with its review of the Registration Statement. As a result of those constant contacts and communications between the Underwriter Defendants' representatives and Sunlands's management and top executives, the Underwriter Defendants knew of, or in the exercise of reasonable care should have known of, Sunlands's existing problems as detailed herein.

(e)     The Underwriter Defendants caused the Registration Statement to be filed with the SEC and declared effective in connection with the offers and sales of securities registered thereby, including those to Plaintiff and the other members of the Class.

22.     Sunlands, the Individual Defendants and the Underwriter Defendants are referred to collectively as "Defendants."

**Materially False and Misleading
Statements Issued During the Class Period**

23.     On February 23, 2018, Sunlands filed with the SEC a registration statement on Form F-1, which, incorporating and in combination with subsequent amendments on Forms F-

1/A and filed pursuant to Rule 424(b)(4), would be used for the IPO.

24. On March 20, 2018, Sunlands filed its final amendment to the Registration Statement, which registered over 13 million Sunlands ADSs for public sale, or 520,000 Class A Ordinary Shares as each ADS represented one Class A ordinary share. The SEC declared the Registration Statement effective on March 22, 2018. On March 23, 2018, Defendants priced the IPO at $11.50 per ADS and filed the final Prospectus for the IPO on Form 424B4, which forms part of the Registration Statement. Through the IPO, Defendants issued and sold approximately 13 million ADSs, pursuant to the Registration Statement.

25. The Registration Statement contained untrue statements of material fact and omitted to state material facts both required by governing regulations and necessary to make the statements made not misleading.

26. The Registration Statement was replete with reference to the growth of student enrollment and in gross billing, including:

> ***We have grown rapidly and expect to continue to invest in our growth for the foreseeable future. If we fail to manage this growth effectively, the success of our business model will be compromised.***
>
> ***We have experienced rapid growth in gross billings and net revenues in recent years, primarily driven by our fast-growing student enrollments since our transition to an online course delivery model in 2014*** which allows students to access our courses from anywhere connected to the internet. Our net revenues grew by 163.4% from RMB159.0 million in 2015 to RMB418.9 million in 2016 and further increased by 131.6% to RMB970.2 million (US$149.1 million) in 2017. Over the same periods, our gross billings grew by 66.1% to RMB741.0 million from RMB446.1 million and further increased by 221.4% to RMB2,381.8 million (US$366.1 million).

(Emphasis added).

27. The Registration Statement also stated the following regarding the growth of student enrollment and gross billing, in relevant part:

> ***Our ability to increase the number of our students and new student enrollments at optimal pricing***
>
> Our net revenues and gross billings primarily consist of tuition payments from our students and are therefore affected by the number of our students and new student enrollments and the pricing of our educational services.
>
> ***Our net revenues and gross billings have grown significantly in recent years, primarily driven by the increase in the number of our students and new student enrollments. The number of our students increased from 205,806 in 2015 to 382,805 in 2016, and further increased to 660,182 in 2017. Our new student enrollments increased from 179,172 in 2015 to 188,733 in 2016 and further increased to 387,878 in 2017. Our ability to continue to increase the number of our students and new student enrollments is primarily driven by factors including the quality of our education services, the range and attractiveness of our course offerings, our brand reputation, our ability to convert leads into student enrollments cost-effectively, and the availability of loans from third-party credit providers to our students.*** See "Risk Factors—Risks Related to Our Business—We may face risks associated with the installment tuition payment plan we offer to our students." Our ability to attract prospective students in target markets and expand our course offerings has a direct impact on maintaining growths in the number of our students and new student enrollments, which in turn is subject to several other factors largely beyond our control, including the perception of the effectiveness of online education as compared to offline, classroom-based courses and the popularity of the degrees, diplomas and professional certifications our students are pursuing.

(Emphasis added).

28.     The Registration Statement discussed the Company's marketing strategy, stating in relevant part:

> ***Our ability to sell and market our services cost-effectively***
>
> We depend on our ability to sell and market our services in a cost-effective manner to maintain and improve our operating margins.
>
> Sales and marketing expenses have historically represented a substantial majority of our total operating expenses. In 2015, 2016 and 2017, our sales and marketing expenses were RMB333.3 million, RMB503.6 million and RMB1,351.8 million (US$207.8 million), respectively. Our sales and marketing expenses are primarily composed of student acquisition expenses and employee salaries. Our ability to lower our sales and marketing expenses as a percentage of gross billings depends on our ability to improve sales and marketing efficiency and leverage our existing brand value and word-of-mouth referrals in our sales and marketing efforts. In 2015, 2016 and 2017, our marketing effectiveness ratio,

as measured by dividing our marketing spending by our gross billings, was 28.3%, 24.8% and 20.2%, respectively.

We have acquired many of our existing students through search engine marketing channels, mobile channels and, to a lesser extent, offline channels. Further, we rely on a large sales force to provide counseling-oriented sales services to convert sales leads into enrollments. As such, the cost-effectiveness of our sales and marketing depends heavily on our ability to enhance returns from different marketing channels, as well as to improve the efficiency of our counseling-oriented sales activities. We also plan to further strengthen our mobile marketing endeavors, which we believe are particularly critical to attracting prospective students who are not yet aware of solutions available to satisfy their desire to pursue post-secondary and professional education. These initiatives have placed, and will continue to place, significant strains on our ability to sell and market our course offerings in an efficient and cost-effective manner.

*   *   *

Our sales and marketing expenses primarily consist of (i) salaries paid to our sales and marketing personnel; (ii) student acquisition expenses, which mainly include expenses relating to our online sales and marketing channels and commissions for our sales and marketing personnel; and (iii) rentals of premises occupied by our sales and marketing personnel. Historically, we had incurred significant sales and marketing expenses as we invested substantially in our sales, branding and marketing efforts and expanding our sales and marketing team to increase student enrollments and gain market share. We expect our sales and marketing expenses to increase in the foreseeable future as we plan to further grow our student enrollments to strengthen our existing leadership in China's post-secondary and professional education market.

29.    The statements contained in ¶¶ 26-28 were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Sunlands's student enrollment was declining; (2) Sunlands's gross billings were declining; (3) Sunlands's marketing tactics were not as robust as described in the Registration Statement; and (4) as a result, Defendants' statements about the Company's

business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

30. On May 28, 2019, Sunlands filed a Form 6-K with the SEC. Attached was a press release entitled, "Sunlands Technology Group Announces Unaudited First Quarter 2019 Financial Results." The press release reported on gross billings and student enrollment, stating in relevant part:

> ***Gross billings (non-GAAP) were RMB663.9 million (US$98.9 million), representing a 28.6% decrease year-over-year.***
>
> \* \* \*
>
> ***New student enrollments were 100,051, representing a 34.2% decrease year-over-year.***
>
> \* \* \*
>
> Mr. Steven Yipeng Li, Chief Financial Officer of Sunlands, said, "For the first quarter, our net revenues increased 38.8% year-over-year, in line with our guidance, and we further narrowed our net loss margin to 20.0%. ***Against the backdrop of the seasonal slowdown due to the Chinese New Year holiday period, softer marketing tactics and expanded trial programs, our new student enrollments declined, and gross billings were down 28.6% year-over-year***. However, we are confident that our upgraded free trials, introductory seminars and free short courses for graduates, post-graduates and professionals, can increase average gross billings, conversion rates and sales efficiency, over the long-term. As these initiatives begin to take hold, we will continue to focus on growth through new student acquisitions and continue to improve the online learning experience for our students."

(Emphasis added).

31. The price of Sunlands's ADSs has plummeted since the IPO. Currently, Sunlands's ADSs trades around $2.28 per ADS, a decline of over 80% from the IPO price.

32. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Sunlands's ADSs, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action as a class action on behalf of all those who purchased Sunlands ADSs pursuant and/or traceable to the Registration Statement (the "Class"). Excluded from the Class are Defendants and their families, the officers and directors and affiliates of Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

34. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Sunlands or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

35. Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

36. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

37. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    a) whether Defendants violated the Securities Act;

b) whether the Registration Statement contained false or misleading statements of material fact and omitted material information required to be stated therein; and

c) to what extent the members of the Class have sustained damages and the proper measure of damages.

38. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## COUNT I
### Violations of Section 11 of the Securities Act Against All Defendants

39. Plaintiff incorporates all the foregoing by reference.

40. This Count is brought pursuant to §11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all Defendants.

41. The Registration Statement contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

42. Defendants are strictly liable to Plaintiff and the Class for the misstatements and omissions.

43. None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

44. By reason of the conduct herein alleged, each Defendant violated or controlled a person who violated §11 of the Securities Act.

45. Plaintiff acquired Sunlands ADSs pursuant to the Registration Statement.

46. At the time of their purchases of Sunlands ADSs, Plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to the disclosures herein.

47. This claim is brought within one year after discovery of the untrue statements and/or omissions in the Offering that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Offering. It is therefore timely.

## COUNT II
## Violations of Section 12(a)(2) of the Securities Act Against All Defendants

48. Plaintiff incorporates all the foregoing by reference.

49. By means of the defective Prospectus, Defendants promoted, solicited, and sold Sunlands ADSs to Plaintiff and other members of the Class.

50. The Prospectus for the IPO contained untrue statements of material fact, and concealed and failed to disclose material facts, as detailed above. Defendants owed Plaintiff and the other members of the Class who purchased Sunlands ADSs pursuant to the Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the Prospectus to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading. Defendants, in the exercise of reasonable care, should have known of the misstatements and omissions contained in the Prospectus as set forth above.

51. Plaintiff did not know, nor in the exercise of reasonable diligence could Plaintiff have known, of the untruths and omissions contained in the Prospectus at the time Plaintiff acquired Sunlands ADSs.

52. By reason of the conduct alleged herein, Defendants violated §12(a)(2) of the Securities Act, 15 U.S.C. §77l(a)(2). As a direct and proximate result of such violations, Plaintiff and the other members of the Class who purchased Sunlands ADSs pursuant to the Prospectus sustained substantial damages in connection with their purchases of the shares. Accordingly, Plaintiff and the other members of the Class who hold the ADSs issued pursuant to the Prospectus have the right to rescind and recover the consideration paid for their shares, and hereby tender their ADSs to Defendants sued herein. Class members who have sold their ADSs seek damages to the extent permitted by law.

53. This claim is brought within one year after discovery of the untrue statements and/or omissions in the Offering that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Offering. It is therefore timely.

## COUNT III
### Violations of Section 15 of the Securities Act Against the Individual Defendants

54. Plaintiff incorporates all the foregoing by reference.

55. This cause of action is brought pursuant to §15 of the Securities Act, 15 U.S.C. §77o against all Defendants except the Underwriter Defendants.

56. The Individual Defendants were controlling persons of Sunlands by virtue of their positions as directors or senior officers of Sunlands. The Individual Defendants each had a series of direct and indirect business and personal relationships with other directors and officers

and major shareholders of Sunlands. The Company controlled the Individual Defendants and all of Sunlands's employees.

57. Sunlands and the Individual Defendants were culpable participants in the violations of §§11 and 12(a)(2) of the Securities Act as alleged above, based on their having signed or authorized the signing of the Registration Statement and having otherwise participated in the process which allowed the IPO to be successfully completed.

58. This claim is brought within one year after discovery of the untrue statements and/or omissions in the Offering that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Offering. It is therefore timely.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for judgment and relief as follows:

A. declaring this action to be a proper class action, designating Plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

B. awarding damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

C. awarding Plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D. awarding Plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated: June 27, 2019         **THE ROSEN LAW FIRM, P.A.**

By: /s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
          lrosen@rosenlegal.com

*Counsel for Plaintiff*