Douglas H. Flaum
Molly L. Leiwant
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800
Fax: (212) 355-3333
dflaum@goodwinlaw.com
mleiwant@goodwinlaw.com

*Counsel for Underwriter Defendants*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID HOROWITZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNLANDS TECHNOLOGY GROUP, TONGBO LIU, YIPENG LI, JIANHONG YIN A/K/A PENG OU, LU, MICHAEL MINHONG YU, YANG WANG, GAONENG JI, SAM HANHUI SUN, XIAOCHUAN WANG, GOLDMAN SACHS (ASIA) L.L.C., CREDIT SUISSE SECURITIES (USA) LLC, AND J.P. MORGAN SECURITIES LLC,<br><br>Defendants. | **Case No: 1:19-cv-03744-FB-SMG** |

## UNDERWRITER DEFENDANTS' ANSWER TO
## PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

Defendants Goldman Sachs (Asia) L.L.C. ("Goldman Sachs"), Credit Suisse Securities (USA) LLC ("Credit Suisse"),  and J.P. Morgan Securities LLC ("J.P. Morgan" (collectively, the "Underwriter Defendants")), by their attorneys, answer the Amended Class Action Complaint, dated November 15, 2019 (the "Amended Complaint").

In collectively responding to the allegations of the Amended Complaint, the Underwriter Defendants: (1) incorporate into each response a denial of all allegations in the Amended Complaint (including those outside of the knowledge and information of the Underwriter Defendants) to the extent they assert or suggest that the Offering Documents[1] were false or misleading in any respect, or to the extent they assert any factual allegations that are inconsistent with or contrary to the Offering Documents, to which reference is made for a complete and accurate statement of their contents; (2) deny any averments in the headings and subheadings of the Amended Complaint; and (3) in all events intend to respond only as to allegations directed at each of them individually, and none of them should be deemed to be responding to allegations that are directed solely to other defendants (including other Underwriter Defendants).

The Underwriter Defendants further respond to the specific allegations in the Amended Complaint as follows:[2]

1.      The Underwriter Defendants deny the allegations contained in Paragraph 1 except admit that (i) Plaintiff purports to describe the nature of this action and the putative class that Plaintiff purports to represent; and (ii) Sunlands filed the Offering Documents with the Securities and Exchange Commission ("SEC"), and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

2.      The Underwriter Defendants deny the allegations contained in Paragraph 2, except admit and aver that Sunlands sold ADS shares to the public in March 2018 pursuant to the Offering

---

[1]  The "Offering Documents" are defined to include: (i) the Form F-1 Registration Statement (the "Registration Statement") filed with the Securities and Exchange Commission ("SEC") on December 14, 2017, which was amended six times between December 14, 2017, and March 20, 2018, when the final Form F-1/A was filed; (ii) the final prospectus (the "Prospectus") dated March 23, 2018; and (iii) all documents incorporated by reference into the Registration Statement and Prospectus.

[2]  Responses to individual paragraphs encompass any footnotes contained in such paragraphs in the Amended Complaint.

Documents, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the offering (the "March 2018 Offering").

3. The Underwriter Defendants deny that the allegations contained in Paragraph 3 present a complete and accurate description of Sunlands' business, operations, and/or financial condition, except admit and aver that Sunlands is headquartered in China and offers Self-Taught Higher Education Examination ("STE") programs among other things, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.

4. The Underwriter Defendants deny that the allegations contained in Paragraph 4 present a complete and accurate description of Sunlands' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering. The Underwriter Defendants deny the allegations contained in Paragraph 4 to the extent that they assert that the Offering Documents were false and misleading.

5. The Underwriter Defendants deny that the allegations contained in Paragraph 5 present a complete and accurate description of Sunlands' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering. The Underwriter Defendants deny the allegations contained in Paragraph 5 to the extent that they assert that the Offering Documents were false and misleading.

6. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6.

3

7. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7.

8. To the extent the allegations contained in Paragraph 8 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.  To the extent the allegations contained in Paragraph 8 are not based on one or more "Confidential Witnesses," the Underwriter Defendants deny the allegations contained in Paragraph 8 to the extent that they assert that the Offering Documents were false and misleading.

9. The Underwriter Defendants deny the allegations of Paragraph 9, and respectfully refer the Court to the May 2, 2018 Beijing News article for a complete and accurate statement of its contents.

10. To the extent that Paragraph 10 states a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 10, and respectfully refer the Court to the actual July 4, 2018 administrative decision (the "2018 AIC Decision") for a complete and accurate statement of its contents.

11. To the extent that Paragraph 11 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 11, except admit and aver that Sunlands filed a Form F-1 registration statement and prospectus (and subsequent amendments thereto) with the SEC for Sunlands' initial public offering ("IPO"), which was declared effective March 22, 2018, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

4

12. To the extent that Paragraph 12 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 12, and respectfully refer the Court to the Offering Documents and the May 29, 2019 Credit Suisse analyst report for a complete and accurate statement of their contents.

13. The Underwriter Defendants deny that the allegations contained in Paragraph 13 completely or accurately describe the factors affecting the stock price movements described therein, specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants, and respectfully refer the Court to public market sources for a complete and accurate record of the closing prices on relevant days.

14. To the extent that Paragraph 14 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 14, except admit that Plaintiff purports to bring this action pursuant to the statutes cited therein.

15. To the extent that Paragraph 15 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 15, except admit that Plaintiff purports to base jurisdiction over this matter on the statutes cited therein.

16. To the extent that Paragraph 16 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 16, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16 involving defendants other than the Underwriter

Defendants, except admit that Plaintiff purports to base venue over this matter on the statutes cited therein.

17.    To the extent that Paragraph 17 states a legal conclusion, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 17, except deny knowledge or information sufficient to form a belief as to the truth of the allegations involving defendants other than the Underwriter Defendants.

18.    To the extent that Paragraph 18 states a legal conclusion, no response is required. To the extent a response is required, the Underwriter Defendants deny any violations of the Securities Act, that Plaintiff suffered damages thereby, or that Lead Plaintiff has standing to sue or to represent a putative class of similarly situated individuals or entities for the Securities Act claims against the Underwriter Defendants.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18.

19.    The Underwriter Defendants admit the allegations contained in Paragraph 19.

20.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20, except respectfully refer the Court to the Offering Documents and to Sunlands' public filings for a description of Tongbo Liu, his employment history, and his responsibility for Sunlands' filings.

21.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21, except respectfully refer the Court to the Offering Documents and to Sunlands' public filings for a description of Yipeng Li, his employment history, and his responsibility for Sunlands' filings.

22.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22, except respectfully refer the Court to the Offering Documents and to Sunlands' public filings for a description of Pen Ou, his employment history, and his responsibility for Sunlands' filings.

23.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23, except respectfully refer the Court to the Offering Documents and to Sunlands' public filings for a description of Lu, his employment history, and his responsibility for Sunlands' filings.

24.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24, except respectfully refer the Court to the Offering Documents and to Sunlands' public filings for a description of Michael Minhong Yu, his employment history, and his responsibility for Sunlands' filings.

25.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25, except respectfully refer the Court to the Offering Documents and to Sunlands' public filings for a description of Yang Wang, his employment history, and his responsibility for Sunlands' filings.

26.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26, except respectfully refer the Court to the Offering Documents and to Sunlands' public filings for a description of Gaoneng Ji, his employment history, and his responsibility for Sunlands' filings.

27.    To the extent the allegations contained in Paragraph 27 are directed to an individual defendant whom Plaintiff has voluntarily dismissed from this action (Dkt. No. 39), no response is required. To the extent a response is required, the Underwriter Defendants deny knowledge or

7

information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27, except respectfully refer the Court to the Offering Documents and to Sunlands' public filings for a description of Sam Hanhui Sun, his employment history, and his responsibility for Sunlands' filings.

28.    To the extent the allegations contained in Paragraph 28 are directed to an individual defendant whom Plaintiff has voluntarily dismissed from this action (Dkt. No. 39), no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28, except respectfully refer the Court to the Offering Documents and to Sunlands' public filings for a description of Xiaochuan Wang, his employment history, and his responsibility for Sunlands' filings.

29.    Because Paragraph 29 contains no factual allegations, no responsive pleading is required.

30.    The Underwriter Defendants deny the allegations of Paragraph 30, except admit and aver (on information and belief as to all Underwriter Defendants except the one at issue in this Paragraph) that Goldman Sachs (Asia) L.L.C. is a financial services company, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

31.    The Underwriter Defendants deny the allegations of Paragraph 31, except admit and aver (on information and belief as to all Underwriter Defendants except the one at issue in this Paragraph) that Credit Suisse Securities (USA) LLC is a financial services company, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

32.    The Underwriter Defendants deny the allegations of Paragraph 32, except admit and aver (on information and belief as to all Underwriter Defendants except the one at issue in this Paragraph) that J.P. Morgan Securities LLC is a financial services company, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

33.    Because the first sentence of Paragraph 33 contains no factual allegations, no responsive pleading is required that sentence. To the extent the remainder of Paragraph 33 states a legal conclusion, no response is required.  To the extent a responses is required, the Underwriter Defendants deny the allegations contained in Paragraph 33 (each, on information and belief with respect to the other Underwriter Defendants), except admit and aver that (i) each of the Underwriter Defendants served as an underwriter for the Sunlands IPO; and (ii) each of the Underwriter Defendants participated in due diligence and the preparation of the Prospectus and the Registration Statement, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

34.    Because Paragraph 34 contains no factual allegations, no response is required.

35.    The Underwriter Defendants deny the allegations contained in Paragraph 35, except admit and aver that on February 23, 2018, Sunlands filed with the SEC a registration statement on Form F-1 and respectfully refer the Court to that document and all the Offering Documents for a complete and accurate statement of their contents.

36.    The Underwriter Defendants deny the allegations contained in Paragraph 36, except respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

37.     The Underwriter Defendants deny that the allegations contained in Paragraph 37 present a complete and accurate description of Sunlands' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering.

38.     The Underwriter Defendants deny that the allegations contained in Paragraph 38 present a complete and accurate description of Sunlands' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their contents.

39.     The Underwriter Defendants (i) deny the allegations contained in Paragraph 39 to the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 39 present a complete and accurate description of Sunlands' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering; and (iii) respectfully refer the Court to the cited article for a complete and accurate statement of its contents.

40.     The Underwriter Defendants (i) deny the allegations contained in Paragraph 40 to the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 40 present a complete and accurate description of Sunlands' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering; and (iii) respectfully refer the Court to the May 2, 2018 Beijing News article for a complete and accurate statement of its contents.

41.     The Underwriter Defendants (i) deny the allegations contained in Paragraph 41 to the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 41 present a complete and accurate description of Sunlands' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering; and (iii) respectfully refer the Court to the May 2, 2018 Beijing News article for a complete and accurate statement of its contents.

42.     The Underwriter Defendants (i) deny the allegations contained in Paragraph 42 to the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 42 present a complete and accurate description of Sunlands' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering; and (iii) respectfully refer the Court to the May 2, 2018 Beijing News article for a complete and accurate statement of its contents.

43.     The Underwriter Defendants (i) deny the allegations contained in Paragraph 43 to the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 43 present a complete and accurate description of Sunlands' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering; and (iii) respectfully refer the Court to the May 2, 2018 Beijing News article for a complete and accurate statement of its contents.

44.     The Underwriter Defendants (i) deny the allegations contained in Paragraph 44 to the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that

the allegations contained in Paragraph 44 present a complete and accurate description of Sunlands'

business, operations, and/or financial condition, and respectfully refer the Court to the Offering

Documents for a complete and accurate description of such matters as of the time of the March

2018 Offering; and (iii) respectfully refer the Court to the May 2, 2018 Beijing News article for a

complete and accurate statement of its contents.

45.     The Underwriter Defendants (i) deny the allegations contained in Paragraph 45 to

the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that

the allegations contained in Paragraph 45 present a complete and accurate description of Sunlands'

business, operations, and/or financial condition, and respectfully refer the Court to the Offering

Documents for a complete and description of such matters as of the time of the March 2018

Offering; and (iii) respectfully refer the Court to the May 2, 2018 Beijing News article for a

complete and accurate statement of its contents.

46.     The Underwriter Defendants (i) deny the allegations contained in Paragraph 46 to

the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that

the allegations contained in Paragraph 46 present a complete and accurate description of Sunlands'

business, operations, and/or financial condition, and respectfully refer the Court to the Offering

Documents for a complete and accurate description of such matters as of the time of the March

2018 Offering; and (iii) respectfully refer the Court to the May 2, 2018 Beijing News article for a

complete and accurate statement of its contents.

47.     The Underwriter Defendants (i) deny the allegations contained in Paragraph 47 to

the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that

the allegations contained in Paragraph 47 present a complete and accurate description of Sunlands'

business, operations, and/or financial condition, and respectfully refer the Court to the Offering

Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering; and (iii) respectfully refer the Court to the May 2, 2018 Beijing News article for a complete and accurate statement of its contents.

48.    The Underwriter Defendants (i) deny the allegations contained in Paragraph 48 to the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 48 present a complete and accurate description of Sunlands' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering; and (iii) respectfully refer the Court to the May 2, 2018 Beijing News article for a complete and accurate statement of its contents.

49.    The Underwriter Defendants (i) deny the allegations contained in Paragraph 49 to the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 49 present a complete and accurate description of Sunlands' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering; and (iii) respectfully refer the Court to the May 2, 2018 Beijing News article for a complete and accurate statement of its contents.

50.    The allegations contained in Paragraph 50 are not directed towards the Underwriter Defendants, and thus no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50.

51.    The allegations contained in Paragraph 51 are not directed towards the Underwriter Defendants, and thus no response is required.  To the extent a response is required, the Underwriter

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51.

52.    The allegations contained in Paragraph 52 are not directed towards the Underwriter Defendants, and thus no response is required.  To the extent Paragraph 52 states a legal conclusion, no response is required.   To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 52, and respectfully refer the Court to the 2018 AIC Decision for a complete and accurate statement of its contents.

53.    The allegations contained in Paragraph 53 are not directed towards the Underwriter Defendants, and thus no response is required.  To the extent Paragraph 53 states a legal conclusion, no response is required.   To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 53, and respectfully refer the Court to the 2018 AIC Decision for a complete and accurate statement of its contents.

54.    The allegations contained in Paragraph 54 are not directed towards the Underwriter Defendants, and thus no response is required.  To the extent Paragraph 54 states a legal conclusion, no response is required.   To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 54, and respectfully refer the Court to the cited law for a complete and accurate statement of its contents.

55.    The allegations contained in Paragraph 55 are not directed towards the Underwriter Defendants, and thus no response is required.  To the extent Paragraph 55 states a legal conclusion, no response is required.   To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 55, and respectfully refer the Court to the 2018 AIC Decision for a complete and accurate statement of its contents.

56.     The allegations contained in Paragraph 56 are not directed towards the Underwriter Defendants, and thus no response is required.  To the extent Paragraph 56 states a legal conclusion, no response is required.   To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 56, and respectfully refer the Court to the cited May 16, 2019 administrative penalty decision (the "2019 AIC Decision") for a complete and accurate statement of its contents.

57.     The allegations contained in Paragraph 57 are not directed towards the Underwriter Defendants, and thus no response is required.  To the extent Paragraph 57 states a legal conclusion, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 57, except respectfully refer the Court to the cited law for a complete and accurate statement of its contents.

58.     To the extent the allegations contained in Paragraph 58 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

59.     The Underwriter Defendants (i) deny the allegations contained in Paragraph 59 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 59 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  To the extent the allegations contained in Paragraph 59 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility,

15

reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

60.     The Underwriter Defendants (i) deny the allegations contained in Paragraph 60 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 60 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  To the extent the allegations contained in Paragraph 60 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

61.     The Underwriter Defendants (i) deny the allegations contained in Paragraph 61 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 61 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering..  To the extent the allegations contained in Paragraph 61 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

62.     The Underwriter Defendants (i) deny the allegations contained in Paragraph 62 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 62 present a complete and accurate description of

Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  To the extent the allegations contained in Paragraph 62 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

63.    The Underwriter Defendants (i) deny the allegations contained in Paragraph 63 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 63 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  To the extent the allegations contained in Paragraph 63 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

64.    The Underwriter Defendants (i) deny the allegations contained in Paragraph 64 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 64 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  To the extent the allegations contained in Paragraph 64 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility,

17

reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

65.    The Underwriter Defendants (i) deny the allegations contained in Paragraph 65 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 65 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  To the extent the allegations contained in Paragraph 65 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

66.    The Underwriter Defendants (i) deny the allegations contained in Paragraph 66 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 66 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  To the extent the allegations contained in Paragraph 66 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

67.    The Underwriter Defendants (i) deny the allegations contained in Paragraph 67 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 67 present a complete and accurate description of

18

Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering. To the extent the allegations contained in Paragraph 67 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

68.    The Underwriter Defendants (i) deny the allegations contained in Paragraph 68 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 68 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering. To the extent the allegations contained in Paragraph 68 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

69.    The Underwriter Defendants (i) deny the allegations contained in Paragraph 69 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 69 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering. To the extent the allegations contained in Paragraph 69 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility,

reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

70.    To the extent the allegations contained in Paragraph 70 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

71.    The Underwriter Defendants (i) deny the allegations contained in Paragraph 71 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 71 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  To the extent the allegations contained in Paragraph 71 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

72.    The Underwriter Defendants (i) deny the allegations contained in Paragraph 72 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 72 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  To the extent the allegations contained in Paragraph 72 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility,

20

reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

73. The Underwriter Defendants (i) deny the allegations contained in Paragraph 73 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 73 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.

74. The Underwriter Defendants (i) deny the allegations contained in Paragraph 74 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 74 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering. To the extent the allegations contained in Paragraph 74 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

75. The Underwriter Defendants (i) deny the allegations contained in Paragraph 75 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 75 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering. To the extent the allegations contained in Paragraph 75 are based

on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

76.    The Underwriter Defendants (i) deny the allegations contained in Paragraph 76 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 76 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  To the extent the allegations contained in Paragraph 76 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

77.    The Underwriter Defendants (i) deny the allegations contained in Paragraph 77 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 77 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  To the extent the allegations contained in Paragraph 77 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

78.    The Underwriter Defendants (i) deny the allegations contained in Paragraph 78 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny

22

that the allegations contained in Paragraph 78 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  To the extent the allegations contained in Paragraph 78 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

79.     The Underwriter Defendants (i) deny the allegations contained in Paragraph 79 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 79 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  To the extent the allegations contained in Paragraph 79 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

80.     The Underwriter Defendants (i) deny the allegations contained in Paragraph 80 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 80 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  To the extent the allegations contained in Paragraph 80 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility,

23

reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

81.    The Underwriter Defendants (i) deny the allegations contained in Paragraph 81 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 81 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  To the extent the allegations contained in Paragraph 81 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

82.    The Underwriter Defendants (i) deny the allegations contained in Paragraph 82 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 82 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  To the extent the allegations contained in Paragraph 82 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

83.    The Underwriter Defendants (i) deny the allegations contained in Paragraph 83 to the extent that they assert that the Offering Documents were false and misleading; and (ii) deny that the allegations contained in Paragraph 83 present a complete and accurate description of

24

Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the Offering.  To the extent the allegations contained in Paragraph 83 are based on one or more "Confidential Witnesses," those individuals' identity, competency, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

84.     The allegations contained in Paragraph 84 are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 84 to the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 84 present a complete and accurate description of Sunlands' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering; and (iii) respectfully refer the Court to the actual CCTV report for a complete and accurate statement of its contents.

85.     The allegations contained in Paragraph 85 are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 85 to the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 85 present a complete and accurate description of Sunlands' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering;

25

and (iii) respectfully refer the Court to the actual CCTV report for a complete and accurate statement of its contents.

86.    The allegations contained in Paragraph 86 are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 86 to the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 86 present a complete and accurate description of Sunlands' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering; and (iii) respectfully refer the Court to the actual CCTV report for a complete and accurate statement of its contents.

87.    The allegations contained in Paragraph 87 are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 87 to the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 87 present a complete and accurate description of Sunlands' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering; and (iii) respectfully refer the Court to the actual CCTV report for a complete and accurate statement of its contents.

88.    The allegations contained in Paragraph 88 are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 88 to the extent that they

26

suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 88 present a complete and accurate description of Sunlands' business, operations, and/or financial condition, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering; and (iii) respectfully refer the Court to the actual CCTV report for a complete and accurate statement of its contents.

89.    The allegations contained in Paragraph 89 are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 89 to the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 89 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering; and (iii) deny that the allegations contained in Paragraph 89 present a complete and accurate description of the November 27, 2018 Credit Suisse analyst report and respectfully refer the Court to the actual document for a complete and accurate statement of its contents.

90.    The allegations contained in Paragraph 90 are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 90 to the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 90 present a complete and accurate description of Sunlands' business, operations, financial condition, and/or public disclosures, and respectfully refer the Court to the

Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering; and (iii) deny that the allegations contained in Paragraph 90 present a complete and accurate description of the February 15, 2019 Credit Suisse analyst report and respectfully refer the Court to the actual document for a complete and accurate statement of its contents.

91.    The allegations contained in Paragraph 91 are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 91 to the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 91 present a complete and accurate description of Sunlands' business, operations, and/or financial condition and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering; and (iii) to the extent the allegations purport to describe the contents of any written document respectfully refer the Court to the actual document for a complete and accurate statement of its contents.

92.    The allegations contained in Paragraph 92 are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 92 to the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 92 present a complete and accurate description of Sunlands' business, operations, and/or financial condition and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering; and (iii) to the extent the allegations purport to describe the contents of any written document

respectfully refer the Court to the actual document for a complete and accurate statement of its contents.

93.    The allegations contained in Paragraph 93 are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 93 to the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 93 present a complete and accurate description of Sunlands' business, operations, and/or financial condition and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering; and (iii) deny that the allegations contained in Paragraph 93 present a complete and accurate description of the May 29, 2019 Credit Suisse analyst report and respectfully refer the Court to the actual document for a complete and accurate statement of its contents.

94.    The Underwriter Defendants deny that the allegations contained in Paragraph 94 completely or accurately describe the factors affecting the stock price movements described therein, specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants, and respectfully refer the Court to public market sources for a complete and accurate record of the closing prices on relevant days.

95.    The allegations contained in Paragraph 95 are not directed at the Underwriter Defendants.  Accordingly, no response is required.  To the extent a response is required, the Underwriter Defendants (i) deny the allegations contained in Paragraph 95 to the extent that they suggest that the Offering Documents were false or misleading; (ii) deny that the allegations contained in Paragraph 95 present a complete and accurate description of Sunlands' business,

operations, and/or financial condition and respectfully refer the Court to the Offering Documents for a complete and accurate description of such matters as of the time of the March 2018 Offering; and (iii) to the extent the allegations purport to describe the contents of any written document respectfully refer the Court to the actual document for a complete and accurate statement of its contents.

96. The Underwriter Defendants deny the allegations contained in Paragraph 96 and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

97. The Underwriter Defendants deny the allegations contained in Paragraph 97 to the extent that they suggest that the Offering Documents were false or misleading and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

98. The Underwriter Defendants deny the allegations contained in Paragraph 98 and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

99. The Underwriter Defendants deny the allegations contained in Paragraph 99 to the extent that they suggest that the Offering Documents were false or misleading and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

100. The Underwriter Defendants deny the allegations contained in Paragraph 100 and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

101. The Underwriter Defendants deny the allegations contained in Paragraph 101 to the extent that they suggest that the Offering Documents were false or misleading and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

102.    The Underwriter Defendants deny the allegations contained in Paragraph 102 and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

103.    The Underwriter Defendants deny the allegations contained in Paragraph 103 to the extent that they suggest that the Offering Documents were false or misleading and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

104.    The Underwriter Defendants deny the allegations contained in Paragraph 104 and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

105.    The Underwriter Defendants deny the allegations contained in Paragraph 105 to the extent that they suggest that the Offering Documents were false or misleading and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

106.    The Underwriter Defendants deny the allegations contained in Paragraph 106 and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

107.    The Underwriter Defendants deny the allegations contained in Paragraph 107 to the extent that they suggest that the Offering Documents were false or misleading and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

108.    The Underwriter Defendants deny the allegations contained in Paragraph 108 to the extent that they suggest that the Offering Documents were false or misleading and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

109. The Underwriter Defendants deny the allegations contained in Paragraph 109 and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

110. The Underwriter Defendants deny the allegations contained in Paragraph 110 to the extent that they suggest that the Offering Documents were false or misleading and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

111. The Underwriter Defendants deny the allegations contained in Paragraph 111 and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

112. The Underwriter Defendants deny the allegations contained in Paragraph 112 to the extent that they suggest that the Offering Documents were false or misleading and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

113. The Underwriter Defendants deny the allegations contained in Paragraph 113 and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

114. The Underwriter Defendants deny the allegations contained in Paragraph 114 to the extent that they suggest that the Offering Documents were false or misleading and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

115. The Underwriter Defendants deny the allegations contained in Paragraph 115 to the extent that they suggest that the Offering Documents were false or misleading and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

116. The Underwriter Defendants deny the allegations contained in Paragraph 116 to the extent that they suggest that the Offering Documents were false or misleading and respectfully

refer the Court to the Registration Statement for a complete and accurate statement of its contents.

117. The Underwriter Defendants deny the allegations contained in Paragraph 117 to the extent that they suggest that the Offering Documents were false or misleading and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

118. The Underwriter Defendants deny the allegations contained in Paragraph 118 to the extent that they suggest that the Offering Documents were false or misleading and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

119. The Underwriter Defendants deny the allegations contained in Paragraph 119 and respectfully refer the Court to the Registration Statement for a complete and accurate statement of its contents.

120. To the extent that the allegations contained in Paragraph 120 state a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants (i) deny that this case is appropriate for class action treatment; (ii) deny that Plaintiff has standing to sue, and/or to represent a putative class of purportedly similarly situated individuals and/or entities, in connection with some or all of the claims against the Underwriter Defendants brought under the Securities Act; and (iii) otherwise deny the allegations contained in Paragraph 120, except admit that Plaintiff purports to describe the alleged putative class that Plaintiff purports to represent.

121. To the extent that the allegations contained in Paragraph 121 state a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants (i) deny that this case is appropriate for class action treatment; (ii) deny that Plaintiff has standing to sue, and/or to represent a putative class of purportedly similarly situated individuals and/or entities, in connection with some or all of the claims against the

33

Underwriter Defendants brought under the Securities Act; and (iii) otherwise deny the allegations contained in Paragraph 121, except admit that Plaintiff purports to describe the alleged putative class that Plaintiff purports to represent.

122.    To the extent that the allegations contained in Paragraph 122 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants (i) deny that this case is appropriate for class action treatment; (ii) deny that Plaintiff has standing to sue, and/or to represent a putative class of purportedly similarly situated individuals and/or entities, in connection with some or all of the claims against the Underwriter Defendants brought under the Securities Act; and (iii) otherwise deny the allegations contained in Paragraph 122, except admit that Plaintiff purports to describe the alleged putative class that Plaintiff purports to represent.

123.    To the extent that the allegations contained in Paragraph 123 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants (i) deny that this case is appropriate for class action treatment; (ii) deny that Plaintiff has standing to sue, and/or to represent a putative class of purportedly similarly situated individuals and/or entities, in connection with some or all of the claims against the Underwriter Defendants brought under the Securities Act; and (iii) otherwise deny the allegations contained in Paragraph 123, except admit that Plaintiff purports to describe the alleged putative class that Plaintiff purports to represent.

124.    To the extent that the allegations contained in Paragraph 124 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants (i) deny that this case is appropriate for class action treatment; (ii) deny that Plaintiff has standing to sue, and/or to represent a putative class of purportedly similarly

situated individuals and/or entities, in connection with some or all of the claims against the Underwriter Defendants brought under the Securities Act; and (iii) otherwise deny the allegations contained in Paragraph 124, except admit that Plaintiff purports to describe the alleged putative class that Plaintiff purports to represent.

125.   To the extent that the allegations contained in Paragraph 125 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants (i) deny that this case is appropriate for class action treatment; (ii) deny that Plaintiff has standing to sue, and/or to represent a putative class of purportedly similarly situated individuals and/or entities, in connection with some or all of the claims against the Underwriter Defendants brought under the Securities Act; and (iii) otherwise deny the allegations contained in Paragraph 125, except admit that Plaintiff purports to describe the alleged putative class that Plaintiff purports to represent.

## COUNT I

### Violations of Section 11 of the Securities Act Against All Defendants

126.   The Underwriter Defendants repeat and reallege each and every response set forth in Paragraphs 1 to 125 as if fully set forth herein, and deny the allegations contained in Paragraph 126.

127.   To the extent the allegations of Paragraph 127 are directed to conduct and knowledge of other defendants, no response is required by the Underwriter Defendants.  To the extent that the allegations contained in Paragraph 127 state a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 127.

128.    To the extent the allegations of Paragraph 128 are directed to conduct and knowledge of other defendants, no response is required by the Underwriter Defendants.  To the extent that the allegations contained in Paragraph 128 state a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny (each, on information and belief with respect to the other Underwriter Defendants) the allegations contained in Paragraph 128.

129.    To the extent the allegations of Paragraph 129 are directed to conduct and knowledge of other defendants, no response is required by the Underwriter Defendants.  To the extent that the allegations contained in Paragraph 129 state a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny (each, on information and belief with respect to the other Underwriter Defendants) the allegations contained in Paragraph 129.

130.    To the extent the allegations of Paragraph 130 are directed to conduct and knowledge of other defendants, no response is required by the Underwriter Defendants.  To the extent that the allegations contained in Paragraph 130 state a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny (each, on information and belief with respect to the other Underwriter Defendants) the allegations contained in Paragraph 130.

131.    To the extent the allegations of Paragraph 131 are directed to conduct and knowledge of other defendants, no response is required by the Underwriter Defendants.  To the extent that the allegations contained in Paragraph 131 state a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny (each,

on information and belief with respect to the other Underwriter Defendants) the allegations contained in Paragraph 131.

132.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 132.

133.    The Underwriter Defendants deny the allegations contained in Paragraph 133.

134.    The Underwriter Defendants deny the allegations contained in Paragraph 134.

**COUNT II**

**Violations of Section 15 of the Securities Act Against the Individual Defendants**

135.    The allegations contained in Paragraph 135 are not directed at the Underwriter Defendants and therefore the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants (i) repeat and reallege each and every response set forth in Paragraphs 1 to 134 as if fully set forth herein; and (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135.

136.    The allegations contained in Paragraph 136 are not directed at the Underwriter Defendants and therefore the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136.

137.    The allegations contained in Paragraph 137 are not directed at the Underwriter Defendants and therefore the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137.

138.    The allegations contained in Paragraph 138 are not directed at the Underwriter Defendants and therefore the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138.

139.    The allegations contained in Paragraph 139 are not directed at the Underwriter Defendants and therefore the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139.

## PRAYER FOR RELIEF:

The Underwriter Defendants deny that Plaintiff and the putative class are entitled to any relief against the Underwriter Defendants, and the Underwriter Defendants respectfully request that the Court dismiss all the claims against them with prejudice and order such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY:

The Underwriter Defendants deny the allegations of Plaintiff's demand for jury trial, except admit that Plaintiff purports to demand a jury trial.

## DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of Plaintiffs' claims,[3] the Underwriter Defendants assert the following affirmative and other defenses:

## FIRST DEFENSE

The claims asserted in the Amended Complaint against the Underwriter Defendants under

---

[3]    In the Defenses, the term "Plaintiffs" refers generally to the Lead Plaintiff, named plaintiff, and members of the purported class.

Section 11 of the Securities Act of 1933 ("Securities Act") fail to allege facts sufficient to state a claim upon which relief may be granted under the applicable pleading standard.

## SECOND DEFENSE

Plaintiffs have failed to plead claims against the Underwriter Defendants with particularity.

## THIRD DEFENSE

Plaintiffs lack standing to sue under the Securities Act, or to assert the Section 11 claims against any of the Underwriter Defendants.

## FOURTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' Securities Act claims against the Underwriter Defendants are barred by the applicable statutes of limitation. Without limiting the foregoing, the Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs had either actual or inquiry notice of their alleged claims more than one year before first bringing the claims asserted in the Amended Complaint, and that Plaintiffs could have, but failed, to conduct any reasonable inquiry as to the existence of such claims. Plaintiffs were required, but failed, to allege facts concerning the nature and scope of their inquiry, if any, more than one year prior to asserting the causes of action alleged in the Amended Complaint. In support of this defense, the Underwriter Defendants incorporate by reference the following documents, which are attached, as certified English-language translations where necessary, as Exhibits A-D to the Sunland Defendants' Answer to the Amended Complaint: (i) the Beijing News Article, which is cited and relied upon in the Amended Complaint; (ii) the 2018 AIC Decision, which is cited and relied upon in the Amended Complaint; (iii) the publicly-available, English-language transcript of Sunlands' earnings conference call held on

39

August 24, 2018; and (iv) a publicly available, English-language J.P. Morgan analyst report on Sunlands, dated August 27, 2018.

## FIFTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that the Underwriter Defendants are not liable to Plaintiffs because (1) the Offering Documents did not contain any false or misleading statements of material fact or omission of material fact and bespoke caution about the risks of investing in the Company; and (2) the Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any statements not contained in the Offering Documents.

## SIXTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that the Underwriter Defendants are not liable to Plaintiffs because one or more statements complained of in the Amended Complaint are inactionable statements of puffery or of opinion genuinely held when made.

## SEVENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that the facts the Amended Complaint alleged were misrepresented or omitted were forward-looking statements, and are rendered inactionable by the safe harbor set forth in Section 27A of the Securities Act, and under the "bespeaks caution" doctrine.

## EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the Underwriter Defendants neither owed nor breached any duty to Plaintiffs to disclose information allegedly omitted in the Offering

40

Documents, and had no duty to verify, opine upon, audit, review, or correct such information disclosed in the Offering Documents.

## NINTH DEFENSE

Plaintiffs are not entitled to any recovery under the Securities Act from the Underwriter Defendants because the allegedly untrue statements of material fact, and/or omissions of material fact, in the Offering Documents were not material to the investment decisions of a reasonable investor.

## TENTH DEFENSE

Plaintiffs are not entitled to any recovery under the Securities Act from the Underwriter Defendants because the alleged untrue statements or omissions in the Registration Statement did not affect the market price of Sunlands' ADS.

## ELEVENTH DEFENSE

Plaintiffs are not entitled to any recovery under the Securities Act from the Underwriter Defendants because the Underwriter Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

## TWELFTH DEFENSE

Plaintiffs are not entitled to any recovery under the Securities Act from the Underwriter Defendants because the Underwriter Defendants did not know, and in the exercise of reasonable care could not have known, of the alleged misstatements or omissions of fact in the Offering Documents.

## THIRTEENTH DEFENSE

Plaintiffs are not entitled to any recovery under the Securities Act from the Underwriter Defendants because, at all relevant times, the Underwriter defendants conducted a reasonable investigation and had reasonable grounds to believe, and did believe, at the time the Offering Documents became effective, that the statements in the Offering Documents were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

## FOURTEENTH DEFENSE

Plaintiffs are not entitled to any recovery from the Underwriter Defendants because, with respect to portions of the Offering Documents purporting to be made on the authority of experts retained to assist in preparing such documents (other than the Underwriter Defendants), the Underwriter Defendants had no reasonable grounds to believe, and did not believe, at the time such part of the Offering Documents became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the Offering Documents did not fairly represent the statement of the expert.

## FIFTEENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that any damages or injuries suffered by Plaintiffs, if any, are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than the Underwriter Defendants.

## SIXTEENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that if and to the extent the Offering Documents are determined to have contained false or misleading

42

statements (which the Underwriter Defendants deny), Plaintiffs either knew or should have known about the matters alleged in the Amended Complaint, and their own negligence or other fault proximately contributed to the injuries allegedly suffered by Plaintiffs from the purchase and sale of the offered securities, and bars any recovery to the extent thereof.

## SEVENTEENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs are not entitled to any recovery from the Underwriter Defendants under the Securities Act because the damages alleged represent something other than the depreciation in value of the offered securities resulting from such part of the Offering Documents, with respect to which liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## EIGHTEENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that if and to the extent the Offering Documents are found to have false or misleading statements (which the Underwriter Defendants deny), the actual facts which Plaintiffs allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources. The Underwriter Defendants are further informed and believe, and on that basis allege, that Plaintiffs are not entitled to any recovery from the Underwriter Defendants under the Securities Act because the substance of the allegedly material information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in the public disclosures of other parties and third parties, in Sunlands' own public filings and announcements, in the Offering Documents, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

43

## NINETEENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs are not entitled to any recovery from the Underwriter Defendants because they did not reasonably rely on any alleged untrue or misleading statement of material fact when purchasing Sunlands securities.

## TWENTIETH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part by their own actions, omissions, and/or negligence.

## TWENTY-FIRST DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because of the contribution of or the comparative fault and contributory negligence of Plaintiffs or other entities or persons (including the non-underwriter defendants).

## TWENTY-SECOND DEFENSE

Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because the alleged damages or other injuries were caused solely by the acts or omissions of Plaintiffs or others (including the non-underwriter defendants) over which the Underwriter Defendants had no control.

## TWENTY-THIRD DEFENSE

The Underwriter Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Securities Act claims against the Underwriter Defendants.

44

## TWENTY-FOURTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs are not entitled to any recovery from the Underwriter Defendants because Plaintiffs purchased Sunlands securities with actual or constructive knowledge of the risks involved in an investment in Sunlands securities, and thus assumed the risk that the value of the securities would decline if such risks materialized.

## TWENTY-FIFTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs are not entitled to any recovery from the Underwriter Defendants because Plaintiffs would have purchased Sunlands securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

## TWENTY-SIXTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that the putative class is not certifiable under Rule 23.

## TWENTY-SEVENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that the Named Plaintiffs do not meet the adequacy or typicality requirements of Rule 23.

## TWENTY-EIGHTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that questions of law or fact common to the putative class members do not predominate over any questions affecting individual members.

**TWENTY-NINTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that the putative class period for the Securities Act claims is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

**THIRTIETH DEFENSE**

Plaintiffs at all relevant times had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Amended Complaint. The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs failed to comply with that duty and are therefore barred from recovering any damages that might reasonably have been avoided.

**THIRTY-FIRST DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that none of the Underwriter Defendants is liable under Section 11 of the Securities Act for damages in excess of the total price at which the specific offered securities underwritten and distributed by such underwriter to the public were offered to the public.

**THIRTY-SECOND DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrines.

**THIRTY-THIRD DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because of inequitable conduct and unclean hands.

## THIRTY-FOURTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that to the extent that Plaintiffs purchased Sunlands securities in the secondary market that are not traceable to the registration statements for the securities, they are not entitled to any recovery from the Underwriter Defendants.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because at all relevant times, the Underwriter Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

## THIRTY-SIXTH DEFENSE

Plaintiffs are not entitled to any recovery from the Underwriter Defendants because one or more members of the putative plaintiff class ratified the alleged wrongful acts and omissions alleged in the Amended Complaint.

## THIRTY-SEVENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs that sold Sunlands securities prior to maturity are not entitled to any recovery from the Underwriter Defendants under the Securities Act.

## THIRTY-EIGHTH DEFENSE

Plaintiff's request for attorney' fees is inappropriate on the facts of this action.

## THIRTY-NINTH DEFENSE

Plaintiffs are not entitled to their costs and expenses in this action, including experts' fees, as any such request is inappropriate on the facts of this action.

47

**FORTIETH DEFENSE**

Plaintiffs' request for interest is inappropriate on the facts of this action.

**FORTY-FIRST DEFENSE**

The Underwriter Defendants adopt and incorporate by reference herein any applicable affirmative or other defenses asserted or to be asserted by any of the other defendants to the extent that the Underwriter Defendants may share in such a defense.

**PRAYER FOR RELIEF**

WHEREFORE, the Underwriter Defendants respectfully pray as follows:

1.     That the Amended Complaint be dismissed with prejudice;

2.     That the Court enter judgment in favor of the Underwriter Defendants;

3.     That the Court award the Underwriter Defendants their costs and expenses, including attorneys' fees; and

4.     That the Court award such other and further relief as it may deem just and proper.

Dated:  May 17, 2021

Respectfully submitted,

*/s/ Douglas H. Flaum*
Douglas H. Flaum
Molly L. Leiwant
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800
Fax: (212) 355-3333
dflaum@goodwinlaw.com
mleiwant@goodwinlaw.com

*Counsel for Defendants Goldman Sachs*
*(Asia) L.L.C., Credit Suisse Securities (USA)*
*LLC, and J.P. Morgan Securities LLC*

48

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021, I filed and therefore caused the foregoing document to be served via the CM/ECF system in the United States District Court for the Eastern District of New York on all parties registered for CM/ECF in the above-captioned matter.

*/s/ Douglas H. Flaum*
Douglas H. Flaum