**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DAVID HOROWITZ, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

SUNLANDS TECHNOLOGY GROUP, TONGBO LIU, YIPENG LI, JIANHONG YIN A/K/A PENG OU, LU LU, MICHAEL MINHONG YU, YANG WANG, GOLDMAN SACHS (ASIA) L.L.C., CREDIT SUISSE SECURITIES (USA) LLC, AND J.P. MORGAN SECURITIES LLC,

Defendants.

No. 1:19-cv-03744-LDH-RML

CLASS ACTION

---

**SUNLANDS DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT**

Defendants Sunlands Technology Group ("Sunlands"), Tongbo Liu, Yipeng Li, Jianhong Yin a/k/a Peng Ou, Lu Lu, Michael Minhong Yu, and Yang Wang (collectively, the "Individual Sunlands Defendants" and, together with Sunlands, the "Sunlands Defendants") for their answer to the amended complaint (Dkt. No. 25) (the "AC"):

1.      Deny Paragraph 1, except admit the second sentence and admit that plaintiff purports to bring this action for alleged violations of the federal securities laws.[1]

2.      Admit Paragraph 2.

3.      Deny Paragraph 3, except admit the first sentence and admit that Sunlands offers Self-Taught Higher Education Examination ("STE") programs, among other things.

---

[1] AC section headings do not constitute allegations and no response is required. To the extent they constitute allegations, they are denied. Responses to individual paragraphs encompass any footnotes within such paragraphs included in the AC.

4.      Deny Paragraph 4.

5.      Deny Paragraph 5.

6.      Deny Paragraph 6, except admit that the *Beijing News* published an article about Sunlands on or about May 2, 2018 ("the *Beijing News* Article"), and respectfully refer the Court to the *Beijing News* Article for its contents.

7.      Deny Paragraph 6, except admit that the *Beijing News* published an article about Sunlands on or about May 2, 2018, and respectfully refer the Court to the *Beijing News* Article for its contents.

8.      Deny Paragraph 8, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 8's allegations concerning alleged communications with any purported "confidential witnesses."

9.      Deny Paragraph 9, except admit that the *Beijing News* published an article about Sunlands on or about May 2, 2018, and respectfully refer the Court to the *Beijing News* Article for its contents.

10.     Deny Paragraph 10, except admit that on or about July 4, 2018 the Beijing Administration for Industry and Commerce, Shijingshan Branch, issued an administrative penalty decision (the "2018 AIC Decision"), which cited the *Beijing News* Article, and respectfully refer the Court to the *Beijing News* Article and the 2018 AIC Decision for their contents.

11.     Deny Paragraph 11, except admit that Sunlands filed a Form F-1 registration statement and prospectus (and subsequent amendments thereto) filed with the U.S. Securities and Exchange Commission ("SEC") for Sunlands' initial public offering ("IPO"), which was declared effective, March 22, 2018 (the "Registration Statement"), and respectfully refer the Court to the Registration Statement for its contents.

12.     Deny Paragraph 12, except admit that Credit Suisse issued an analyst report on Sunlands on or about May 29, 2019 (the "May 2019 CS Report"), and respectfully refer the Court to the May 2019 CS Report for its contents.

13.     Admit Paragraph 13, except deny any allegation to the extent that it suggests that any movement in the price of Sunlands American depositary shares ("ADS") or purported harm to investors was the result of any alleged deficiency in the Registration Statement or any misconduct by the Sunlands Defendants.

14.     Admit that plaintiff purports to assert claims pursuant to 15 U.S.C. §§ 77k, 77o.  To the extent that Paragraph 14 purports to state conclusions of law, no response is required.

15.     Paragraph 15 purports to state conclusions of law; no response is required.

16.     Paragraph 16 purports to state conclusions of law; no response is required. To the extent a response is required, deny Paragraph 16.

17.     Paragraph 17 purports to state conclusions of law; no response is required. To the extent a response is required, deny Paragraph 17.

18.     Deny knowledge or information insufficient to form a belief as to the truth of Paragraph 18.  To the extent that Paragraph 18 purports to state conclusions of law, no response is required.

19.     Admit Paragraph 19.

20.     Admit Paragraph 20, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Defendant Liu "contributed to" the Registration Statement, which allegation is vague and ambiguous.

3

21.     Admit Paragraph 21, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Defendant Li "contributed to" the Registration Statement, which allegation is vague and ambiguous.

22.     Admit Paragraph 22, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Defendant Yin "contributed to" the Registration Statement, which allegation is vague and ambiguous.

23.     Admit Paragraph 23, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Defendant Lu "contributed to" the Registration Statement, which allegation is vague and ambiguous.

24.     Admit Paragraph 24, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Defendant Yu "contributed to" the Registration Statement, which allegation is vague and ambiguous.

25.     Admit Paragraph 25, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Defendant Wang "contributed to" the Registration Statement, which allegation is vague and ambiguous.

26.     Paragraph 26 is directed to an individual defendant whom plaintiff has voluntarily dismissed from this action (Dkt. No. 39) and/or purports to describe the Registration Statement; no response is required.  To the extent a response is required, deny Paragraph 26, and respectfully refer the Court to the Registration Statement for its contents.

27.     Paragraph 27 is directed to an individual defendant whom plaintiff has voluntarily dismissed from this action (Dkt. No. 39) and/or purports to describe the Registration Statement; no response is required.  To the extent a response is required,

4

deny Paragraph 27, and respectfully refer the Court to the Registration Statement for its contents.

28.    Paragraph 28 is directed to an individual defendant whom plaintiff has voluntarily dismissed from this action (Dkt. No. 39) and/or purports to describe the Registration Statement; no response is required.  To the extent a response is required, deny Paragraph 28, and respectfully refer the Court to the Registration Statement for its contents.

29.    Paragraph 29 purports to define a term for use in the AC; no response is required.[2]

30.    Admit that Goldman Sachs (Asia) L.L.C. is identified in the Registration statement as an underwriter of the IPO.  Otherwise deny knowledge or information sufficient to form a belief as to the truth of Paragraph 30.

31.    Admit that Credit Suisse Securities (USA) LLC is identified in the Registration statement as an underwriter of the IPO.  Otherwise deny knowledge or information sufficient to form a belief as to the truth of Paragraph 31.

32.    Admit that J.P. Morgan Securities LLC is identified in the Registration statement as an underwriter of the IPO.  Otherwise deny knowledge or information sufficient to form a belief as to the truth of Paragraph 32.

33.    To the extent that Paragraph 33 purports to state conclusions of law and/or to define a term for use in the AC, no response is required.  To the extent that a response is required: (i) admit that the Underwriter Defendants (as defined in the AC) are identified in the Registration Statement as serving as IPO underwriters, received certain

---

[2] For the sake of clarity, the AC's definition of "Individual Defendants" includes defendants whom plaintiff has voluntarily dismissed from this action (Dkt. No. 39).

fees and/or commissions in connection with such service, received indemnity from Sunlands against liability under the Securities Act of 1933 in connection with such service, assisted in the IPO, including preparation and filing of the Registration Statement and facilitation of any IPO "roadshow," and performed certain due diligence with respect to the IPO; (ii) otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Underwriter Defendants' actions, knowledge, "understandings," and/or corporate "special[ties]"; (iii) admit that Sunlands maintained a directors and officers liability insurance policy as of the IPO; and (iv) deny that the Registration Statement contained "false and misleading statements" and that the AC identifies "problems" existing as of the IPO.

34.     Paragraph 34 purports to define a term for use in the AC; no response is required.[3]

35.     Admit Paragraph 35.

36.     To the extent that Paragraph 36 purports to describe the Registration Statement, no response is required; respectfully refer the Court to the Registration Statement for its contents.  Otherwise admit Paragraph 36, except deny that the Registration Statement "registered over 13 million Sunlands ADS[] for public sales" and deny that "each ADS represented one class A ordinary share."

37.     To the extent that Paragraph 37 purports to describe the Registration Statement, no response is required; respectfully refer the Court to the Registration Statement for its contents.  Otherwise admit Paragraph 37, except deny knowledge and

---

[3] For the sake of clarity, the AC's definition of "Defendants" includes defendants whom plaintiff has voluntarily dismissed from this action (Dkt. No. 39).

information sufficient to form a belief as to the truth of the allegations concerning the Chinese government's "purpose" in introducing the STE.

38.     Paragraph 38 purports to describe the Registration Statement; no response is required.  Respectfully refer the Court to the Registration Statement for its contents.

39.     Deny Paragraph 39, except admit that an apparent Chinese social media account referred to as *Shijie* purported to publish an article about Sunlands on or about July 19, 2019 (the "*Shijie* Article"), and respectfully refer the Court to the *Shijie* Article for its contents.

40.     Paragraph 40 purports to describe the *Beijing News* Article; no response is required.  Respectfully refer the Court to the *Beijing News* Article for its contents.

41.     Deny Paragraph 41, except admit that the *Beijing News* published an article on or about Sunlands on or about May 2, 2018, and respectfully refer the Court to *Beijing News* Article for its contents.

42.     Deny Paragraph 42, except admit that the *Beijing News* published an article on or about Sunlands on or about May 2, 2018, and respectfully refer the Court to *Beijing News* Article for its contents.

43.     Deny Paragraph 43, except admit that the *Beijing News* published an article on or about Sunlands on or about May 2, 2018, and respectfully refer the Court to *Beijing News* Article for its contents.

44.     Deny Paragraph 44, except admit that the *Beijing News* published an article on or about Sunlands on or about May 2, 2018, and respectfully refer the Court to *Beijing News* Article for its contents.

45.     Deny Paragraph 45, except admit that the *Beijing News* published an article on or about Sunlands on or about May 2, 2018, and respectfully refer the Court to *Beijing News* Article for its contents.

46.     Deny Paragraph 46, except admit that the *Beijing News* published an article on or about Sunlands on or about May 2, 2018, and respectfully refer the Court to *Beijing News* Article for its contents.

47.     Deny Paragraph 47, except admit that the *Beijing News* published an article on or about Sunlands on or about May 2, 2018, and respectfully refer the Court to *Beijing News* Article for its contents.

48.     Deny Paragraph 48, except admit that the *Beijing News* published an article on or about Sunlands on or about May 2, 2018, and respectfully refer the Court to *Beijing News* Article for its contents.

49.     Deny Paragraph 49, except admit that the *Beijing News* published an article on or about Sunlands on or about May 2, 2018, and respectfully refer the Court to *Beijing News* Article for its contents.

50.     Admit that the State Administration for Industry and Commerce, integrated into the State Administration for Market Regulation in 2018, was a Chinese regulatory authority with oversight of certain aspects of Sunlands' operations and authority to impose penalties for certain violations of Chinese laws or regulations. Otherwise deny knowledge or information sufficient to form a belief as to the truth of Paragraph 50.

51.     Admit Paragraph 51, except deny knowledge or information sufficient to form a belief as to the truth of the first sentence.

52. Deny Paragraph 52, except admit that the 2018 AIC Decision issued on or about July 4, 2018 and cited the *Beijing News* Article, and respectfully refer the Court to the 2018 AIC Decision for its contents.

53. Deny Paragraph 53, except admit that the 2018 AIC Decision issued on or about July 4, 2018, and respectfully refer the Court to the 2018 AIC Decision for its contents.

54. Paragraph 54 purports to state conclusions of law and/or to describe a particular document; no response is required. Respectfully refer the Court to the referenced document for its contents.

55. Deny Paragraph 55, except admit that the 2018 AIC Decision issued on or about July 4, 2018, and respectfully refer the Court to the 2018 AIC Decision for its contents.

56. Deny Paragraph 56, except admit that the Beijing Administration for Industry and Commerce, Shijingshan Branch, issued an administrative penalty decision on or about May 16, 2019 (the "2019 AIC Decision"), and respectfully refer the Court to the 2019 AIC Decision for its contents.

57. Paragraph 57 purports to state conclusions of law and/or to describe a particular document; no response is required. Respectfully refer the Court to the referenced document for its contents.

58. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 58.

59. Deny Paragraph 59, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 59's allegations concerning alleged communications with any purported "confidential witnesses."

60.    Deny Paragraph 60, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 60's allegations concerning alleged communications with any purported "confidential witnesses."

61.    To the extent that Paragraph 61 purports to describe particular documents, no response is required; respectfully refer the Court to the referenced documents for their contents.  Otherwise deny Paragraph 61, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 61's allegations concerning alleged communications with any purported "confidential witnesses."

62.    Deny Paragraph 62, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 62's allegations concerning alleged communications with any purported "confidential witnesses."

63.    Deny Paragraph 63, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 63's allegations concerning alleged communications with any purported "confidential witnesses."

64.    Deny Paragraph 64, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 64's allegations concerning alleged communications with any purported "confidential witnesses."

65.    Deny Paragraph 65, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 65's allegations concerning alleged communications with any purported "confidential witnesses."

66.    Deny Paragraph 66, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 66's allegations concerning alleged communications with any purported "confidential witnesses."

67. Deny Paragraph 67, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 67's allegations concerning alleged communications with any purported "confidential witnesses."

68. Deny Paragraph 68, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 68's allegations concerning alleged communications with any purported "confidential witnesses."

69. Deny Paragraph 69, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 69's allegations concerning alleged communications with any purported "confidential witnesses."

70. Deny Paragraph 70, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 70's allegations concerning alleged communications with any purported "confidential witnesses."

71. Deny Paragraph 71, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 71's allegations concerning alleged communications with any purported "confidential witnesses."

72. Deny Paragraph 72, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 72's allegations concerning alleged communications with any purported "confidential witnesses."

73. Admit that Sunlands in 2015 launched an installment payment option enabling students to obtain loans from third-party credit providers in China to finance all or part of their tuition, and otherwise state that Paragraph 73 purports to describe the Registration Statement; no response is required. Respectfully refer the Court to the Registration Statement for its contents.

74. Deny Paragraph 74, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 74's allegations concerning alleged communications with any purported "confidential witnesses."

75. Deny Paragraph 75, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 75's allegations concerning alleged communications with any purported "confidential witnesses."

76. Deny Paragraph 76, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 76's allegations concerning alleged communications with any purported "confidential witnesses."

77. Deny Paragraph 77, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 77's allegations concerning alleged communications with any purported "confidential witnesses."

78. Deny Paragraph 78, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 78's allegations concerning alleged communications with any purported "confidential witnesses."

79. Deny Paragraph 79, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 79's allegations concerning alleged communications with any purported "confidential witnesses."

80. Deny Paragraph 80, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 80's allegations concerning alleged communications with any purported "confidential witnesses."

81. Deny Paragraph 81, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 81's allegations concerning alleged communications with any purported "confidential witnesses."

82.     Deny Paragraph 82, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 82's allegations concerning alleged communications with any purported "confidential witnesses."

83.     Deny Paragraph 83, except deny knowledge or information sufficient to form a belief as to the truth of Paragraph 83's allegations concerning alleged communications with any purported "confidential witnesses."

84.     Deny Paragraph 84, except admit that China Central Television published a report on Sunlands on or about April 10, 2019 (the "CCTV Report"), and respectfully refer the Court to the CCTV Report for its contents.

85.     Deny Paragraph 85, except admit that China Central Television published the CCTV Report on or about April 10, 2019, and respectfully refer the Court to the CCTV Report for its contents.

86.     Deny Paragraph 86, except admit that China Central Television published the CCTV Report on or about April 10, 2019, and respectfully refer the Court to the CCTV Report for its contents.

87.     Deny Paragraph 87, except admit that China Central Television published the CCTV Report on or about April 10, 2019, and respectfully refer the Court to the CCTV Report for its contents.

88.     Deny Paragraph 88, except admit that China Central Television published the CCTV Report on or about April 10, 2019, and respectfully refer the Court to the CCTV Report for its contents.

89.     Deny Paragraph 89, except admit that Credit Suisse issued an analyst report on Sunlands on or about November 27, 2018, and respectfully refer the Court to such analyst report for its contents.

90.     Deny Paragraph 90, except admit that Credit Suisse issued an analyst report on Sunlands on or about February 15, 2019, and respectfully refer the Court to such analyst report for its contents.

91.     Deny Paragraph 91, except admit that Sunlands filed a Form 6-K with the SEC on or about May 28, 2019, attaching a press release entitled, "Sunlands Technology Group Announces Unaudited First Quarter 2019" (the "May 2019 Press Release"), and respectfully refer the Court to the May 2019 Press Release for its contents.

92.     Deny Paragraph 92, except admit that Sunlands issued the May 2019 Press Release on or about May 28, 2019, and respectfully refer the Court to the May 2019 Press Release for its contents.

93.     Deny Paragraph 93, except admit that Credit Suisse issued the May 2019 CS Report on or about May 29, 2019, and respectfully refer the Court to the May 2019 CS Report for its contents.

94.     Admit Paragraph 94, except deny any allegation to the extent that it suggests that any movement in the price of Sunlands ADS or purported harm to investors was the result of any alleged deficiency in the Registration Statement or any misconduct by the Sunlands Defendants.

95.     Deny Paragraph 95, except admit that Sunlands issued a press release on or about August 23, 2019, and respectfully refer the Court to such press release for its contents.

96.     Deny Paragraph 96.  To the extent Paragraph 96 purports to state conclusion of law, no response is required.

97.     Paragraph 97 purports to describe the Registration Statement; no response is required.  Respectfully refer the Court to the Registration Statement for its contents.

14

98.    Deny Paragraph 98.  To the extent that Paragraph 98 purports to state conclusions of law and/or to describe the Registration Statement, no response is required.  Respectfully refer the Court to the Registration Statement for its contents.

99.    Paragraph 99 purports to describe the Registration Statement; no response is required.  Respectfully refer the Court to the Registration Statement for its contents.

100.    Deny Paragraph 100.  To the extent that Paragraph 100 purports to state conclusions of law and/or to describe the Registration Statement, no response is required.  Respectfully refer the Court to the Registration Statement for its contents.

101.    Paragraph 101 purports to describe the Registration Statement; no response is required.  Respectfully refer the Court to the Registration Statement for its contents.

102.    Deny Paragraph 102.  To the extent that Paragraph 102 purports to state conclusions of law and/or to describe the Registration Statement, no response is required.  Respectfully refer the Court to the Registration Statement for its contents.

103.    Paragraph 103 purports to describe the Registration Statement; no response is required.  Respectfully refer the Court to the Registration Statement for its contents.

104.    Deny Paragraph 104.  To the extent that Paragraph 104 purports to state conclusions of law and/or to describe the Registration Statement, no response is required.  Respectfully refer the Court to the Registration Statement for its contents.

105.    Paragraph 105 purports to describe the Registration Statement; no response is required.  Respectfully refer the Court to the Registration Statement for its contents.

106.    Deny Paragraph 106.  To the extent that Paragraph 106 purports to state conclusions of law and/or to describe the Registration Statement, no response is required. Respectfully refer the Court to the Registration Statement for its contents.

107.    Paragraph 107 purports to describe the Registration Statement; no response is required.  Respectfully refer the Court to the Registration Statement for its contents.

108.    Paragraph 108 purports to describe the Registration Statement; no response is required.  Respectfully refer the Court to the Registration Statement for its contents.

109.    Deny Paragraph 109.  To the extent that Paragraph 109 purports to state conclusions of law and/or to describe the Registration Statement, no response is required. Respectfully refer the Court to the Registration Statement for its contents.

110.    Paragraph 110 purports to describe the Registration Statement; no response is required.  Respectfully refer the Court to the Registration Statement for its contents.

111.    Deny Paragraph 111.  To the extent that Paragraph 111 purports to state conclusions of law and/or to describe the Registration Statement, no response is required. Respectfully refer the Court to the Registration Statement for its contents.

112.    Paragraph 112 purports to describe the Registration Statement; no response is required.  Respectfully refer the Court to the Registration Statement for its contents.

113.    Deny Paragraph 113.  To the extent that Paragraph 113 purports to state conclusions of law and/or to describe the Registration Statement, no response is required. Respectfully refer the Court to the Registration Statement for its contents.

114.    Deny Paragraph 114.  To the extent that Paragraph 114 purports to describe the Registration Statement, no response is required; respectfully refer the Court to the Registration Statement for its contents.

115.    Deny Paragraph 115.  To the extent that Paragraph 115 purports to describe the Registration Statement, no response is required; respectfully refer the Court to the Registration Statement for its contents.

116.    Deny Paragraph 116.  To the extent that Paragraph 116 purports to describe the Registration Statement, no response is required; respectfully refer the Court to the Registration Statement for its contents.

117.    Deny Paragraph 117.  To the extent that Paragraph 117 purports to describe the Registration Statement, no response is required; respectfully refer the Court to the Registration Statement for its contents.

118.    Deny Paragraph 118.  To the extent that Paragraph 118 purports to describe the Registration Statement; no response is required.  Respectfully refer the Court to the Registration Statement for its contents.

119.    Deny Paragraph 119.  To the extent that Paragraph 119 purports to state conclusions of law and/or to describe the Registration Statement, no response is required.  Respectfully refer the Court to the Registration Statement for its contents.

120.    Admit that plaintiff purports to bring this action on behalf of a putative class.  To the extent that Paragraph 120 purports to state conclusions of law, no response is required.

121.    Deny Paragraph 121.  To the extent that Paragraph 121 purports to state conclusions of law, no response is required.

17

122.    Deny Paragraph 122.  To the extent that Paragraph 122 purports to state conclusions of law, no response is required.

123.    Deny Paragraph 123.  To the extent that Paragraph 123 purports to state conclusions of law, no response is required.

124.    Deny Paragraph 124.  To the extent that Paragraph 124 purports to state conclusions of law, no response is required.

125.    Deny Paragraph 124.  To the extent that Paragraph 125 purports to state conclusions of law, no response is required.

126.    Repeat and reallege each and every response above with the same force and effect as thought set forth fully herein.

127.    Admit that plaintiff purports to assert a claim pursuant to 15 U.S.C. § 77k on behalf a putative class.  To the extent that Paragraph 127 purports to state conclusions of law, no response is required.

128.    Deny Paragraph 128.

129.    Deny Paragraph 129.

130.    Deny Paragraph 130.

131.    Deny Paragraph 131.

132.    Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 132.  To the extent that Paragraph 132 purports to state conclusions of law, no response is required.

133.    Deny Paragraph 133.

134.    Deny Paragraph 134.

135.    Repeat and reallege each and every response above with the same force and effect as thought set forth fully herein.

136.    Admit that plaintiff purports to assert a claim pursuant to 15 U.S.C. § 77o on behalf a putative class.  To the extent that Paragraph 136 purports to state conclusions of law, no response is required.

137.    Deny Paragraph 137, except admit that certain Individual Sunlands Defendants had relationships with one another and/or with other Sunlands directors, officers, and/or shareholders.

138.    Deny Paragraph 138.

139.    Deny Paragraph 139.

### PRAYER FOR RELIEF

Deny that plaintiff and/or members of the putative class are entitled to any relief and that the putative class should be certified.

### DEMAND FOR TRIAL BY JURY

Admit that plaintiff purports to demand a jury trial.  To the extent that plaintiff purports to state a conclusion of law, no response is required.

### DEFENSES

Without admitting any wrongful conduct, and without assuming any burden that they would not otherwise bear, the Sunlands Defendants assert the following defenses to the AC.

### First Defense

1.    This action, is barred, in whole or in part, because the AC does not and cannot state a claim on which relief can be granted under the applicable pleading standard.

### Second Defense

2.    Plaintiff's claims are barred, in whole or in part, because the Registration Statement did not contain any untrue state of a material fact or omit to state a material

19

fact required to be stated therein or necessary to make the statements therein not misleading.

## Third Defense

3.　　Plaintiff's claims are barred, in whole or in part, because they are untimely under 15 U.S. Code § 77m.  In support of this Third Defense, the Sunlands Defendants expressly incorporate by reference the following documents: (i) the *Beijing News* Article, which is cited and relied upon in the AC (attached hereto, in the form of a certified English-language translation, as **Exhibit A**); (ii) the 2018 AIC Decision, which is cited and relied upon in the AC (attached hereto, in the form of a certified English-language translation, as **Exhibit B**); (iii) the publicly available, English-language transcript of Sunlands' earnings conference call held on August 24, 2018 (attached hereto as **Exhibit C**); and (iv) a publicly available, English-language J.P. Morgan analyst report on Sunlands, dated August 27, 2018 (attached hereto as **Exhibit D**)**.**

## Fourth Defense

4.　　Plaintiff's claims are barred, in whole or in part, because plaintiff fails adequately to plead (and cannot prove) compliance with the statute of limitations set forth in 15 U.S. Code § 77m, as required by applicable law.

## Fifth Defense

5.　　Plaintiff's claims are barred, in whole or in part, because the material information and/or risks allegedly omitted from the Registration Statement were fully disclosed therein.

## Sixth Defense

6.　　Plaintiff's claims are barred, in whole or in part, because the Sunlands Defendants had no duty to disclose, or cause the disclosure of, any material information

20

allegedly omitted from the Registration Statement as identified in the AC.

### Seventh Defense

7.     Plaintiff's claims are barred, in whole or in part, because one or more statements complained of in the AC are inactionable statements of puffery or of opinion genuinely held when made.

### Eighth Defense

8.     Plaintiff's claims are barred, in whole or in part, because plaintiff and/or members of the putative class purchased Sunlands ADS with actual or constructive knowledge of the "truth" with respect to any matter allegedly constituting a material untruth or omission.

### Ninth Defense

9.     Plaintiff's claims are barred, in whole or in part, because some or all of the matters allegedly misstated or omitted from the Registration Statement were matters readily available in the public record and/or widely known to the market and to the investing community.

### Tenth Defense

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff and/or members of the putative class assumed the risks disclosed in the Registration Statement, and any losses experienced were caused because such risks came to fruition.

### Eleventh Defense

11.     Plaintiff's claims are barred, in whole or in part, because any allegedly untrue forward-looking statements in the Registration Statement were disclosed in the context of sufficient cautionary language and/or are otherwise inactionable under the "bespeaks caution" doctrine.

**Twelfth Defense**

12.     Plaintiff's claims are barred, in whole or in part, because the alleged untrue statements or omissions in the Registration Statement did not affect the market price of Sunlands' ADS.

**Thirteenth Defense**

13.     Plaintiff's claims are barred, in whole or in part, because plaintiff and/or members of the putative class did not suffer any legally cognizable injury or damages.

**Fourteenth Defense**

14.     Plaintiff's claims are barred, in whole or in part, because any alleged damages claimed by plaintiff and/or members of the putative class, which the Sunlands Defendants deny, are speculative.

**Fifteenth Defense**

15.     Plaintiff's claims are barred, in whole or in part, because neither the alleged untrue statements or omissions in the Registration Statement nor any purported "corrective" disclosures thereof were the actual or proximate cause of any injury, which the Sunlands Defendants deny, to plaintiff and/or members of the putative class for which recovery is sought in this matter.

**Sixteenth Defense**

16.     Plaintiff's claims are barred, in whole or in part, because there are intervening and/or superseding causes of the alleged injury(ies), if any, suffered by plaintiff and/or members of the putative class for which recovery is sought in this matter, including, but not limited to, market-wide phenomena, economic factors, and/or acts, conduct, or omissions of individuals and/or entities other than the Sunlands Defendants.

**Seventeenth Defense**

17.     Plaintiff and/or members of the putative class may not recover damages exceeding, or otherwise differing in kind, magnitude, and/or measure from, those permitted under 15 U.S.C. §§ 77k(e), (g).

**Eighteenth Defense**

18.     Plaintiffs and/or members the putative class seek damages resulting from sources other than "the depreciation in value of such security resulting from such part of the registration statement, with respect to which his liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading."  15 U.S.C. § 77k(e).

**Nineteenth Defense**

19.     Plaintiffs and/or members of the putative class have failed to mitigate their damages, if any.

**Twentieth Defense**

20.     Plaintiff's claims are barred, in whole or in part, because plaintiff and/or members of the putative class lack standing, including, among other reasons, because plaintiff and/or members of the putative class did not acquire Sunlands ADS traceable to the Registration Statement.

**Twenty-First Defense**

21.     Plaintiff's request for attorney' fees is inappropriate on the facts of this action.

**Twenty-Second Defense**

22.     Plaintiff is not entitled to his costs and expenses in this action, including experts' fees, as any such request is inappropriate on the facts of this action.

23

**Twenty-Third Defense**

23.    Plaintiff's request for interest is inappropriate on the facts of this action.

**Twenty-Fourth Defense**

24.    Plaintiff's claims are barred, in whole or in part, as to the Individual Sunlands Defendants, because, with respect to each alleged untrue statement or omission of material fact "not purporting to be made on the authority of an expert, and not purporting to be a copy of or extract from a report or valuation of an expert, and not purporting to be made on the authority of a public official document or statement", the Individual Sunlands Defendants "had, after reasonable investigation, reasonable ground to believe and did believe, at the time such part of the [R]egistration [S]tatement became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading".  15 U.S.C. § 77k(b)(3)(A).

**Twenty-Fifth Defense**

25.    Plaintiff's claims are barred, in whole or in part, as to the Individual Sunlands Defendants, because, to the extent that portions of the Registration Statement "purporting to be made upon [the] authority [of] an expert or purporting to be a copy of or extract from a report or valuation . . . [of] an expert," the Individual Sunlands Defendants "had no reasonable ground to believe and did not believe, at the time such part of the [R]egistration [S]tatement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the [R]egistration [S]tatement did not fairly represent the statement of the expert or was not a

24

fair copy of or extract from the report or valuation of the expert." 15 U.S.C.

§ 77k(b)(3)(C).

### Twenty-Sixth Defense

26.     Plaintiff's claims are barred, in whole or in part, because plaintiff cannot

establish primary liability necessary for purposes of a claim under 15 U.S.C. § 77o as set

out in Count II of the AC.

### Twenty-Seventh Defense

27.     Plaintiff's claims are barred, in whole or in part, because plaintiff cannot

establish that any Sunlands Defendant named in Count II of the AC was a "control

person" for purposes of a claim under 15 U.S.C. § 77o.

### Twenty-Eighth Defense

28.     Plaintiff's claims are barred, in whole or in part, because plaintiff cannot

establish that any Sunlands Defendant named in Count II of the AC was a culpable

participant in any violation of 15 U.S. Code § 77k for purposes of a claim under 15

U.S.C. § 77o.

### Twenty-Ninth Defense

29.     Plaintiff and/or members of the putative class cannot meet the

requirements for class certification set forth in applicable law, including, but not limited

to, Federal Rule of Civil Procedure 23(a)-(b).

### Thirtieth Defense

30.     The putative class is overbroad and, therefore, one or more members of

the putative class is not entitled to any recovery.

### Thirty-First Defense

31.     Plaintiff's claims are "without merit" within the meaning of the 15 U.S.C.

§ 77k(e).

## Thirty-Second Defense

32.    The Sunlands Defendants adopt and incorporate by reference herein any applicable affirmative or other defenses asserted or to be asserted by any of the other defendants to the extent that the Sunlands Defendants may share in such a defense.

## Thirty-Third Defense

33.    The Sunlands Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein, of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

26

## PRAYER FOR RELIEF

WHEREFORE, the Sunlands Defendants respectfully pray as follows:

1.   That the AC be dismissed with prejudice;

2.   That the Court enter judgment in favor the Sunlands Defendants;

3.   That the Court award the Sunlands Defendants their costs and expenses, including attorneys' fees; and

4.   That the Court award such other and further relief as it may deem just and proper.

Dated:   New York, New York
         May 17, 2021

Respectfully submitted,

DAVIS POLK & WARDWELL LLP


By:   */s/ Edmund Polubinski III*

Edmund Polubinski III
Craig J. Bergman
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
edmund.polubinski@davispolk.com
craig.bergman@davispolk.com

Jonathan K. Chang
18/F, The Hong Kong Club Building
3A Chater Road
Hong Kong, SAR
China
Telephone: +852-2533-3300
jonathan.chang@davispolk.com

*Attorneys for the Sunlands Defendants*