**The Rosen Law Firm**

I N V E S T O R   C O U N S E L

May 26, 2021

**VIA ECF**
The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Horowitz v. Sunlands Technology Group, et al.*, Case No. 1:19-cv-03744-LDH-RML

Dear Judge DeArcy Hall:

We write on behalf of Lead Plaintiff in response to the Sunlands Defendants' ("Defendants") May 19, 2021 pre-motion letter (Dkt. No. 47 ("Letter")) requesting a pre-motion conference on their proposed motion under Federal Rule of Civil Procedure ("Rule") 12(c). Defendants' proposed motion is effectively an untimely motion for reconsideration. On March 31, 2021, the day before this case was reassigned to Your Honor, Judge Block denied Defendants' Rule 12(b)(6) motion, including their argument that the case is time-barred. (Dkt. No. 41 ("MTD Decision").) The MTD Decision was under the same legal standard as Rule 12(c) and, contrary to the Letter, considered the four documents that Defendants attached to their Answer. (Dkt. No. 46.) Since there is nothing new here, Defendants are clearly motivated by the hope that the reassignment of this almost two year old case will allow them a second chance to make the same arguments based on the same evidence. We respectfully request that the Court reject this procedural ploy.

**Background and the MTD Decision.** Sunlands Technology Group ("Sunlands" or the "Company") is headquartered in and provides online post-secondary education classes exclusively in China, but elected to raise money from United States investors by conducting an IPO on the New York Stock Exchange. (Amended Complaint, Dkt. No. 25 ("AC") ¶¶ 19, 37.) In its Registration Statement for its $150 million IPO, Sunlands portrayed itself as rapidly growing in revenue and enrollment due to its unique ability to understand the needs of students and the quality of its courses and faculty. (*Id.* ¶¶ 36, 38, 97-119.) The Registration Statement was, however, materially inaccurate. It failed to disclose that the Company's success was predicated on the sanctioned use of pervasive and aggressive illegal misrepresentations to trick students into signing up for courses, including lies about the fact that installment payments were only possible because of loans that students were personally liable for and about the ability to obtain refunds. (*Id.* ¶¶ 38-88.) When this action was filed, Sunlands' shares had lost over 80% of their IPO value. (*Id.* ¶ 94.)

Plaintiff filed his initial Securities Act of 1933 class complaint on June 27, 2019 (Dkt. No. 1 ("Initial Complaint")) and his Amended Complaint on November 15, 2019. Defendants moved to dismiss under Rule 12(b)(6) on June 11, 2020, *inter alia*, on the grounds that Amended Complaint was untimely because it was filed more than one year after a reasonably diligent investor would have discovered the facts necessary to state the claim. (*See* MOL ISO Defs' MTD AC, Dkt. No. 35-1 ("MTD").) Defendants' argument was based on four items: (1) the May 2, 2018 *Beijing News*

Article ("Beijing News Article"), (2) the July 4, 2018 decision against Sunlands by its regulator, the Beijing Administration for Industry and Commerce ("AIC Decision"), (3) Sunlands' August 24, 2018 earnings call, and (4) an August 27, 2018 J.P. Morgan analyst report. (MTD at 11-16.) [1]

The Beijing News Article and AIC Decision are both only available in Chinese. The Plaintiff and Defendants each attached different translations of the Beijing News Article to their Motion to Dismiss briefing. (*See* Decl. of Edmund Polubinski III ISO Defs.' MTD AC, Dkt. No. 35-2 ("Polubinski Decl."), Ex. B; Decl. of Brian B. Alexander ISO Pls.' Opp. to Defs.' MTD AC, Dkt. No. 36-1 ("Alexander Decl."), Ex. 1.) The Amended Complaint quoted a translation of the relevant portions of the AIC Decision and the Defendants argued it triggered the statute of limitations. (AC ¶¶ 52-53, 55; MTD at 13.) The MTD Decision considered this Chinese language evidence: "The article was printed in Chinese in a source not widely read in the United States. On the other hand, reasonable investors in a Chinese company might be expected to keep abreast of their investment in Chinese media. These conflicting arguments lead the Court to conclude that it cannot answer the question as a matter of law on a motion to dismiss." (MTD Decision at 2, 5.)

Defendants attached Sunlands' August 24, 2018 earnings call and the August 27, 2018 J.P. Morgan analyst report to their Motion to Dismiss and Plaintiff did not contest that it was proper for the Court to consider them. (*See* Polubinski Decl., Exs. C & D.) The MTD Decision addressed these documents, holding that their vague references to previous "negative publicity" was not sufficient to hold that Plaintiff's claims were time-barred: "Sunlands alternatively argues that a reasonable investor would have discovered the claimed inaccuracies and omissions in the registration statement when 'negative publicity' was discussed on an earnings call and in an analyst report in August 2018. Although the Court agrees that a reasonable investor would likely stay apprised of such information…it cannot say with certainty when a reasonably diligent investigation would have yielded both the source and content of the publicity." (MTD Decision at 5-6.)

**The Court Should Deny Defendants' Proposed Rule 12(c) Motion Since it is in Effect an Untimely Motion for Reconsideration.** Defendants now request leave to file a Rule 12(c) motion on identical grounds to their previously denied Rule 12(b)(6) motion. "In deciding a Rule 12(c) motion, [courts] employ[ ] the same standard applicable to dismissals pursuant to Fed.R.Civ.P. 12(b)(6)." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (internal quotation marks omitted). Furthermore, Defendants' contention that the four documents they attached to the Answer were not squarely before Judge Block is false. Exhibit A to the Answer is yet another translation of the Beijing News Article to go with the two translations submitted by the parties during the Rule 12(b)(6) briefing. (*Compare* Answer, Ex. A *with* Polubinski Decl., Ex. B *and* Alexander Decl., Ex. 1.) Defendants do not explain how this third translation makes any difference. Exhibit B to the Answer is a translation of the AIC Decision. That document was not previously been submitted to the Court, but a translation of the relevant parts were block quoted in the Amended Complaint and it is indisputable that it would have been proper for Defendants to attach it to their Rule 12(b)(6) motion. (*Compare* Answer, Ex. B *with* AC ¶¶ 52-53, 55.) The August 24,

---

[1] The only one of these items published more than a year prior to the filing of the Initial Complaint was the Beijing News Article. Defendants, however, argued in their Motion to Dismiss that the Amended Complaint did not relate back to the Initial Complaint. The MTD Decision did not address the issue since it held that none of the four items were sufficient to bar Plaintiff's claims. Plaintiff continues to maintain that the Amended Complaint relates back. *See Slayton v. Am. Exp. Co.*, 460 F.3d 215, 228-229 (2d Cir. 2006); (Pls.' Opp. to MTD AC, Dkt. No. 36, at 11-13.)

**THE ROSEN LAW FIRM, P.A.** ◆ 275 MADISON AVENUE, 40TH FLOOR ◆ NEW YORK, NY 10016 ◆ TEL: (212) 686-1060 ◆ FAX: (212) 202-3827

2018 earnings call transcript and August 27, 2018 J.P. Morgan analyst report that are attached to the Answer as Exhibits C and D are identical to what Defendants submitted with their Rule 12(b)(6) motion. (*Compare* Answer, Exs. C & D *with* Polubinski Decl., Exs. C & D.)

Since the legal standard and documents at issue are the same, the Court should treat Defendants' proposed motion as a motion for reconsideration of the MTD Decision. *See Aviles v. S&P Glob., Inc.,* No. 17-CV-2987 (JPO), 2020 WL 1689405, at *3 (S.D.N.Y. Apr. 6, 2020) (holding "a Rule 12(c) motion for judgment on the pleadings that challenges the sufficiency of a complaint on the same ground as an already-denied Rule 12(b)(6) motion to dismiss should meet an identical fate" and applying the reconsideration standard).[2] *First*, the Court should hold Defendants' proposed motion as untimely since they did not move to reconsider the MTD Decision within 14 days as required by Local Civil Rule 6.3.[3] *Second*, Defendants cannot meet the stringent reconsideration standard. Reconsideration is "an extraordinary remedy to be employed sparingly" and the major grounds justifying it are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Knights v. Legere*, No. 16-CV-6965 (LDH), 2017 WL 11487172, at *1 (E.D.N.Y. Sept. 6, 2017) (DeArcy Hall, J.) (internal quotation marks omitted). Defendants do not claim there was any change in controlling law and there is no new evidence available. Defendants make the cursory statement that the MTD Decision "was demonstrably incorrect as a matter of law," but they do not cite any controlling authority that contradicts it. Even if the Court declines to treat Defendants' proposed motion as a motion for reconsideration, the law of the case doctrine certainly applies given that MTD Decision evaluated the same documents under the same legal standard. As Defendants' Letter admits, the standard for law of the case is similar to the one for reconsideration.[4]

Contrary to Defendants' assertion, they have not asked to file a Rule 12(c) motion so that the Court can have "the full benefit of the decisive documents." The MTD Decision already addressed those documents under the same legal standard. Instead, Defendants hope to get another bite of the apple because of the case's reassignment. Defendants, however, eschewed the proper vehicle for their arguments — a timely reconsideration motion — likely to avoid the high legal standard and the Court's five page briefing limit for such motions. Plaintiff respectfully requests that the Court reject this abuse of procedure.[5]

Respectfully submitted,
/s/ *Brian B. Alexander*

---

[2] *See also MTR Gaming Grp., Inc. v. Arneault,* No. 1:11-CV-208-SPB, 2015 WL 136563, at *9-*11 (W.D. Pa. Jan. 9, 2015) (Rule 12(c) motion based on the same arguments and essentially the same record as previous Rule 12(b)(6) motion was "functionally akin to a motion for reconsideration").

[3] *See Cyrus v. City of New York,* No. 06CV4685ARRLM, 2010 WL 148078, at *1 (E.D.N.Y. Jan. 14, 2010) ("There is authority among the district courts in the Second Circuit that the untimely filing of a motion pursuant to Local Rule 6.3 is a sufficient basis for denial of the motion.").

[4] *See* Letter at 3 (quoting *Johnson v. Holder*, 564 F.3d 95, 99–100 (2d Cir. 2009) (departure from law of the case appropriate in light of an "intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice."))

[5] Defendants' request to certify the MTD Decision for interlocutory appeal confirms that their Rule 12(c) motion is effectively for reconsideration. There is no justification for Defendants' delay in requesting certification, and it is, therefore, untimely. *See Green v. City of New York*, No. 05 CV 0429 DLI ETB, 2006 WL 3335051, at *2 (E.D.N.Y. Oct. 23, 2006). Additionally, Defendants have not established there is a "substantial doubt that the district court's order was correct." *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 426 F. Supp. 2d 125, 129 (S.D.N.Y. 2005).

3