**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DAVID HOROWITZ, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

SUNLANDS TECHNOLOGY GROUP, TONGBO LIU, YIPENG LI, JIANHONG YIN A/K/A PENG OU, LU LU, MICHAEL MINHONG YU, YANG WANG, GOLDMAN SACHS (ASIA) L.L.C., CREDIT SUISSE SECURITIES (USA) LLC, AND J.P. MORGAN SECURITIES LLC,

Defendants.

No. 1:19-cv-03744-LDH-RML

CLASS ACTION

## STIPULATION AND [PROPOSED] CONFIDENTIALITY ORDER

The undersigned parties to the above-captioned action (the "Action"), through their counsel, stipulate and agree to that, subject to the Court's approval, the following provisions shall govern claims of confidentiality in the Action:

1.      Any party to the Action and any non-party shall have the right to designate as "Confidential" and subject to this Confidentiality Order any information, document, or thing, or portion of any document or thing including, without limitation, hard copy documents, electronically stored information, testimony, exhibits, written responses to discovery, and any other information produced or provided in connection with the Action ("Discovery Material"): (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains

private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) that contains information protected from disclosure under any applicable foreign or domestic law, or (e) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to the Action or any non-party covered by this Confidentiality Order, who produces or discloses any Confidential Discovery Material, shall mark the same with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.      Any party to the Action and any non-party shall have the right to designate as "Highly Confidential" and subject to this Confidentiality Order any Discovery Material, including the types of Discovery Material enumerated in Paragraph 1(a)-(e), that contains highly sensitive business or personal information, the disclosure of which, even limited to the restrictions placed on Confidential Discovery Material, is highly likely to cause significant harm to an individual or to the commercial, financial, strategic, and/or business interests of the designating party. Any party to the Action or any non-party who is covered by this Confidentiality Order who produces or discloses any Highly Confidential Discovery Material shall mark the same with the following or similar legend: "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Highly Confidential").

3.      "Protected Data" refers to any information that a party believes in good faith requires additional protections, beyond those provided to information designated as "Confidential" pursuant to this Confidentiality Order, under applicable federal, state or

foreign data protection laws or other privacy obligations.  Protected Data constitutes highly sensitive materials requiring special protection.  Examples of such data protection laws include but are not limited to the relevant laws of the People's Republic of China. Protected Data includes but is not limited to information relating to an identified or identifiable living individual, including the individual's name; physical, IP, or email address; identification number; and location data.  Protected Data may be designed as "Confidential" or as "Highly Confidential."  The parties shall meet and confer regarding any proposed limitation on the collection, review, and production of Protected Data that Defendants believes, in good faith, is required under any applicable data protection laws, including the relevant laws of the People's Republic of China.

4.    Wherever possible, confidentiality designations shall be imprinted on the face of each page of the Discovery Material to be designated.  If such imprinting is not possible (such as, for example, in connection with certain electronically stored information), a stamp bearing the applicable confidentiality designation shall be affixed on the medium by which the Discovery Material is produced and the confidentiality designation shall be noted in the transmittal letter for the production.

5.    All Discovery Material (irrespective of whether designated Confidential, Highly Confidential, or without any confidentiality designation) shall be used solely for purposes of the prosecution or defense of the Action (including any attempted settlement thereof or appeal therefrom), or the enforcement of insurance rights with respect to the Action, and for no other purpose whatsoever.  For the avoidance of doubt, the use of Discovery Material is restricted to the Action and may not be used in any other action even if such action involves the same parties or counsel, or similar subject matter.

6.      The restrictions on use and disclosure of Discovery Material designated Confidential or Highly Confidential imposed by this Confidentiality Order remain in force and effect unless and until they are removed either by written agreement of counsel for the parties, or by order of the Court.

7.      Confidential Discovery Material and the contents of Confidential Discovery Material may be disclosed only to the following individuals under the following conditions:

a.      Outside counsel (herein defined as any attorney at the parties' outside law firms) and in-house counsel for the parties;

b.      Outside experts or consultants retained by outside counsel for purposes of this action, provided they have executed a non-disclosure agreement in the form attached hereto as **Exhibit A**;

c.      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.      The Court and court personnel;

e.      Any witness who is called to testify at trial or deposition in the Action, provided that such person has been provided a copy of this Confidentiality Order and informed of the restrictions on use and disclosure imposed by it;

f.      Any person who appears to have authored or received a copy of the Discovery Material designated Confidential, is or was employed by the party who produced the Discovery Material, was involved in or is reasonably likely to possess knowledge relevant to the events or communications that the Confidential Discovery Material concerns, or if the designating party consents to such disclosure;

g.      Any mediators or other mutually-agreed upon or court-appointed person responsible for resolving this matter in a non-judicial forum, provided they have executed a non-disclosure agreement in the form attached hereto as **Exhibit A**;

h.      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided that they have executed a non-disclosure agreement in the form attached hereto as **Exhibit A**;

i.      The parties. In the case of parties that are not individuals, "party" shall mean individuals with authority to make decisions or to participate in making decisions concerning the prosecution and/or defense of the Action; and

j.      Such other persons as counsel for the designating party agrees in writing in advance or as Ordered by the Court.

k.      The parties' insurers and insurers' counsel participating in matters related to Action, and their secretarial, paralegal, clerical, duplicating and data processing personnel.

8.      Discovery Material produced and marked as Highly Confidential may be disclosed only to the following individuals:

a.      Outside counsel (herein defined as any attorney at the parties' outside law firms) and in-house counsel for the parties.  In the event that a party that is an organization does not have in-house counsel, Discovery Material produced and marked as

Highly Confidential may be disclosed, summarized, or otherwise made available to one or more designated representative(s) of the party who are officers, trustees, or employees of the party, or are otherwise authorized to act on behalf of a party in this Action ("Designated Representative") subject to the terms of Paragraph 9 below;

b.     Outside experts or consultants retained by outside counsel for purposes of this action, provided they have executed a non-disclosure agreement in the form attached hereto as **Exhibit A**;

c.     Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.     The Court and court personnel;

e.     Any witness who is called to testify at trial or deposition in the Action, provided that such person has been provided a copy of this Confidentiality Order and informed of the restrictions on use and disclosure imposed by it;

f.     Any person who appears to have authored or received a copy of the Discovery Material designated Highly Confidential, or if the designating party consents to such disclosure;

g.     Any mediators or other mutually-agreed upon or court-appointed person responsible for resolving this matter in a non-judicial forum, provided they have executed a non-disclosure agreement in the form attached hereto as **Exhibit A**;

h.     Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as

their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have executed a non-disclosure agreement in the form attached hereto as **Exhibit A**; and

i. Such other persons as counsel for the designating party agrees in writing in advance or as Ordered by the Court.

9. After a party that is an organization without in-house counsel designates a representative, it shall notify the other parties of the identity of its Designated Representative. Any party with a good-faith belief that the Designated Representative will not adequately protect Discovery Material designated as Highly Confidential consistent with this Confidentiality Order may object to the Designated Representative within five (5) business days after receiving such notice by providing written notice to the designating party setting forth the bases for the objection. If the parties are unable to resolve the objection, the objecting party shall then present its objection to the Court within five (5) business days of notifying the designating party of its objection. The designating party shall not disclose, summarize or otherwise make available to its Designated Representative any Discovery Material designated as Highly Confidential for at least five (5) business days after notifying the other parties of the Designated Representative's identity and, in the event of a timely objection, shall not disclose, summarize or otherwise make available to its Designated Representative any Discovery Material designated as Highly Confidential unless and until the Court resolves the objection in favor of the designating party.

10. Confidential and Highly Confidential Discovery Material shall be used only by persons permitted access to it under Paragraphs 7 and 8, respectively. Confidential and Highly Confidential Discovery Material, copies thereof, and the information contained

therein, shall not be disclosed in any manner to any other person, unless and until (a) outside counsel for the designating party waives the claim of confidentiality, or (b) the Court orders such disclosure.

11.    Counsel shall be responsible for assuring compliance with the terms of this Confidentiality Order with respect to authorized persons to whom such counsel discloses Confidential or Highly Confidential Discovery Material.  Where such persons are required to execute a non-disclosure agreement, counsel disclosing Confidential or Highly Confidential Discovery Material shall obtain and retain the non-disclosure agreement executed by those persons.

12.    With respect to any depositions that involve a disclosure of Discovery Material designated Confidential or Highly Confidential, the designating party shall have until thirty (30) calendar days after receipt of the deposition transcript within which to inform all other parties, in writing, as to the specific pages and lines of the transcript that are to be designated Confidential or Highly Confidential, which period may be extended by agreement of the parties.  During these thirty (30) calendar days, no such deposition transcript or recording shall be disclosed, and no individual attending such a deposition shall disclose the contents of the deposition, to any individual other than the individuals described in Paragraph 7 (as to material designated Confidential) and 8 (as to material designated Highly Confidential).  Upon being informed that certain portions of a deposition are to be designated as Confidential or Highly Confidential, all parties shall immediately cause each copy of the transcript or recording in its custody or control to be appropriately marked and limit disclosure of that transcript or recording in accordance with the terms of this Confidentiality Order.

13.     If, at any time, any person other than the party who designated Discovery Material Confidential or Highly Confidential, reasonably believes s/he or it must produce Discovery Material designated Confidential or Highly Confidential in response to a subpoena or other compulsory process by any court, administrative agency, legislative body, or other person or entity commanding the production of such Discovery Material, the person to whom the subpoena or request is directed shall, except where prohibited by law, notify the designating party by email within seven (7) calendar days of receipt of the subpoena or request.  The purpose of imposing these duties is to afford the party that designated the Discovery Material Confidential or Highly Confidential an opportunity to try to protect his/her/its confidentiality interest prior to disclosure contrary to this Confidentiality Order.  The party that designated the Discovery Material Confidential or Highly Confidential will bear the burden and expenses of seeking protection.  The person to whom the subpoena or request is directed shall immediately notify the issuer of the subpoena or request that Discovery Material that may be responsive thereto has been designated confidential pursuant to this Confidentiality Order.  Unless otherwise ordered by a court or required by government subpoena, the person to whom the subpoena or request is directed shall comply with the subpoena or request only if the party who designated the Discovery Material Confidential or Highly Confidential does not timely seek, or is unsuccessful in seeking, an order modifying or quashing the subpoena or request.

14.     If counsel for a party receiving Discovery Material designated as Confidential or Highly Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a.      Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the Discovery Material in question and shall state the grounds for objection.  Counsel for the designating party or non-party shall respond in writing to such objection within fourteen (14) calendar days, and shall state with particularity the grounds for designating the Discovery Material Confidential or Highly Confidential.  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  If the designating party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b.      If a dispute as to a Confidential or Highly Confidential designation of Discovery Material cannot be resolved by agreement, the objecting party shall present the dispute to the Court by letter pursuant to Local Civil Rule 37.3.  The Discovery Material that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

15.     If the need arises during trial or at any public hearing before the Court for any party to disclose Confidential or Highly Confidential Discovery Material, it may do so only after giving notice to the designating party and as directed by the Court.

16.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Highly Confidential Discovery Material that should have been designated as such, regardless of whether the Discovery Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific Discovery Material disclosed or as to any other

Discovery Material concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the Discovery Material was disclosed that the Discovery Material should have been designated Confidential or Highly Confidential. Such notice shall constitute a designation of the Discovery Material as Confidential or Highly Confidential under this Confidentiality Order.

17.    If a party or non-party notifies any other party that it inadvertently or mistakenly disclosed any Discovery Material that is: (i) protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity; or (ii) protected under foreign data protection, statutory, or bank secrecy laws, all receiving parties shall treat such Discovery Material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and the terms of any order pursuant to Federal Rule of Evidence 502(d) entered in the Action. Such inadvertent or mistaken disclosure of Discovery Material shall not by itself constitute a waiver by the designating party of any claims of privilege or immunity, or claims of protection under foreign law. However, nothing herein restricts the right of the receiving party to challenge the designating party's claim of protection from disclosure, if made within a reasonable time after receiving notice of the inadvertent or mistaken disclosure. In the event a receiving party wishes to challenge a designating party's claim of protection from disclosure, the procedure applicable to disputes over confidentiality designations set forth in Paragraph 14 of this Confidentiality Order shall apply.

18.    No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from

a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Highly Confidential Discovery Material under this Confidentiality Order.

19. Any person in possession of another party's Confidential or Highly Confidential Discovery Material shall exercise the same care with regard to the storage, custody, or use such Discovery Material as they would apply to their own material of the same or comparable sensitivity. Receiving parties must take reasonable precautions to protect Confidential or Highly Confidential Discovery Material from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

a. Reasonably preventing unauthorized persons from gaining access to Confidential or Highly Confidential Discovery Material (physical access control);

b. Reasonably preventing Confidential or Highly Confidential Discovery Material from being used without authorization (logical access control) including, but not limited to, the use of passwords;

c. Reasonably ensuring that persons entitled to use Confidential or Highly Confidential Discovery Material gain access to such Confidential or Highly Confidential Discovery Material only as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Confidential or Highly Confidential Discovery Material cannot be read, copied, modified, or deleted without authorization (data access control);

d. Reasonably ensuring that Confidential or Highly Confidential Discovery Material cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage or storage media, and that the target entities for any transfer of

Confidential or Highly Confidential Discovery Material by means of data transmission facilities can be established and verified (data transfer control);

e.    Reasonably ensuring the establishment of an audit trail to document whether and by whom Confidential or Highly Confidential Discovery Material have been entered into, modified in, or removed from information processing systems (entry control); and

f.    Reasonably ensuring that Confidential or Highly Confidential Discovery Material is processed solely in accordance with instructions from the receiving party (control of instructions).

20.    If the receiving party discovers a breach of security relating to the Confidential or Highly Confidential Material, the receiving party shall: (1) provide written notice to designating party of such breach no later than five (5) business days after the receiving party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide designating party with reasonable assurance that such breach shall not recur; and (3) provide sufficient information about the breach that the designating party can reasonably ascertain the size and scope of the breach.  If required by any judicial or governmental request, requirement or order to disclose such information, the receiving party shall take all reasonable steps to give the designating party sufficient prior notice in order to contest such request, requirement or order through legal means.  The receiving party agrees to provide reasonable cooperation to the designating party or law enforcement in investigating any such security incident.  In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.

21.     If a receiving party learns that, by inadvertence or otherwise, it has disclosed the Confidential or Highly Confidential Material to any person or in any circumstance not authorized under this Confidentiality Order, the receiving party must, as soon as is practicable: (a) notify in writing the designating party of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the protected materials; and (c) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this Confidentiality Order and have the person or persons execute a Declaration in the form annexed hereto as **Exhibit A**.

22.     This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Confidentiality Order is being entered without prejudice to the right of any party or nonparty to move the Court for modification or for relief from any of its terms.

23.     This Confidentiality Order shall survive the termination of the Action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

24.     Within ninety (90) calendar days of the final conclusion of the Action (whether by entry of a final order of dismissal, judgment, settlement, disposition on appeal, or otherwise, and where the time for any further appeals has expired), or by a later date on which the parties agree, all parties in receipt of Discovery Material designated Confidential or Highly Confidential in the Action shall be under an obligation to use commercially reasonable efforts to assemble and to return to the originating source, or destroy, all originals or copies of Confidential or Highly Confidential Discovery Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including

any exhibits attached thereto for archival purposes, subject to the provisions of this Confidentiality Order.  Upon request, counsel of record shall certify that they have complied with the requirements of this Paragraph.  To the extent a party requests the return of Confidential or Highly Confidential Discovery Material from the Court after the final conclusion of the Action, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

25.    Each person to whom disclosure of Confidential or Highly Confidential Discovery Material is made pursuant to the terms of this Confidentiality Order, shall subject himself, herself, or itself to the jurisdiction of this Court for the purpose of contempt proceedings in the event of any violation of this Confidentiality Order.

26.    This Confidentiality Order shall become effective immediately upon the parties' execution of it even though prior to approval by the Court.

Dated:   New York, New York
         November 8, 2022

**THE ROSEN LAW FIRM**

*/s/ Brian B. Alexander*
Phillip Kim
Brian B. Alexander
Jing Chen
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
pkim@rosenlegal.com
balexander@rosenlegal.com
jchen@rosenlegal.com

*Counsel for Plaintiff*

**DAVIS POLK & WARDWELL LLP**

*/s/ Edmund Polubinski III*
Edmund Polubinski III
Nikolaus J. Williams
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
edmund.polubinski@davispolk.com
nikolaus.williams@davispolk.com

Jonathan K. Chang
10/F, The Hong Kong Club Building
3A Chater Road
Hong Kong, SAR China
Telephone: +852-2533-3300
jonathan.chang@davispolk.com

*Counsel for the Sunlands Defendants*

**GOODWIN PROCTER LLP**

*/s/ Douglas H. Flaum*
Douglas H. Flaum
Molly L. Leiwant
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
dflaum@goodwinlaw.com
mleiwant@goodwinlaw.com

*Counsel for the Underwriter Defendants*

**SO ORDERED:**

Dated:   Brooklyn, New York
_____, 2022        _____

ROBERT M. LEVY
United States Magistrate Judge

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

DAVID HOROWITZ, Individually and On
Behalf of All Others Similarly Situated,

Plaintiff,

v.

SUNLANDS TECHNOLOGY GROUP,
TONGBO LIU, YIPENG LI, JIANHONG YIN
A/K/A PENG OU, LU, MICHAEL
MINHONG YU, YANG WANG, GOLDMAN
SACHS (ASIA) L.L.C., CREDIT SUISSE
SECURITIES (USA) LLC, AND J.P.
MORGAN SECURITIES LLC,

Defendants.

No. 1:19-cv-03744-LDH-RML

<u>CLASS ACTION</u>

I, _____, being duly sworn, state that:

    1.    My address is _____

    2.    My present employer is _____ and the address of my present employment is _____.

    3.    My present occupation or job description is _____

    4.    I have carefully read and understood the provisions of the Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality Order.

    5.    I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential or Highly Confidential Discovery Material or any words, summaries, abstracts, or indices of Confidential or Highly Confidential Discovery Material disclosed to me.

    6.    I will limit use of Confidential or Highly Confidential Discovery Material disclosed to me solely for purpose of this action.

    7.    No later than the final conclusion of the case, I will return all Confidential or Highly Confidential Discovery Material and summaries, abstracts, and indices thereof which come into my

possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____             _____

                                          [Name]