# EXHIBIT 1

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID HOROWITZ, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SUNLANDS TECHNOLOGY GROUP, TONGBO LIU, YIPENG LI, JIANHONG YIN A/K/A PENG OU, LU LU, MICHAEL MINHONG YU, YANG WANG, GAONENG JI, SAM HANHUI SUN, XIAOCHUAN WANG, GOLDMAN SACHS (ASIA) L.L.C., CREDIT SUISSE SECURITIES (USA) LLC, AND J.P. MORGAN SECURITIES LLC, <br><br> Defendants | No. 1:19-CV-03744-LDH-RML <br><br> CLASS ACTION |

## DECLARATION OF ROBERT A. MEYER

I, Robert A. Meyer, hereby declare as follows:

1.      I submit this declaration in my capacity as the mediator of the proposed settlement of the above-captioned action ("Action"). I make this declaration based on personal knowledge and if called and sworn as a witness could and would testify competently thereto.

2.      I have been asked to provide this declaration to give my views on the mediation process that culminated in the proposed settlement that will be presented to the Court for final approval.

3.      All of the parties, entities, and individuals who were represented at the mediation session executed a confidentiality agreement stating that the mediation was considered settlement negotiations for the purpose of all rules protecting mediation disclosures from later discovery

1

and/or use in evidence. The parties further agreed that the confidentiality agreement extends to all present and future civil, judicial, quasi-judicial, arbitral, administrative, or other proceedings. Nothing in my declaration divulges any privileged information, and the filing of this declaration does not constitute a waiver of any such confidentiality.

4.    I have been a mediator for more than fifteen years. I am a panelist at JAMS and have 40+ years of experience as a litigation attorney.

5.    Since serving as a neutral, I have extensive experience mediating the settlement of many different types of complex class actions, including securities and derivative cases pending through the United States.

6.    Many cases in which I have served as a neutral have included numerous plaintiffs and plaintiffs' counsel, as well as many defendants, defense counsel, and insurers.

7.    I provide my professional background as context for the statements in my declaration and to establish that my perspective on the settlement of this action is grounded in my significant experience in resolving complex litigation.

8.    While the Court will make its own determination as to the proposed settlement's fairness under applicable legal standards, from my viewpoint as mediator, I recommend the proposed settlement as reasonably reflective of the risks and potential rewards of the claims being settled. As described below, the current matter presented complex and substantial legal, factual, and practical issues. The parties were represented during the mediation process by well-prepared and competent counsel, who negotiated zealously and at arm's length for their clients. Thus, I believe that the proposed settlement of this case represents a fair and pragmatic resolution of this action.

9.      The parties initially contacted me in November of 2022 about the possibility of mediating the Action.

10.     Pursuant to my custom and practice, and without waiving mediation confidentiality, the mediation was preceded by an exchange of detailed mediation statements between the parties (and which I reviewed and analyzed). These submissions contained extensive analyses of the factual and legal issues in the Action and other issues material to the settlement. These submissions helped me understand the relative merits of each party's position and identify the issues that would drive and present obstacles to reaching a resolution of the action. It was clear that each side faced risks in proceeding with the case. While the contents of the mediation statements and arguments are confidential, they presented complex and novel legal arguments and were highly adversarial.

11.     At the mediation session held in-person on January 20, 2023, I engaged in extensive discussions to establish common ground between the parties' respective positions. After considering the respective merits of the claims and defenses, the estimated damages, and the risk and costs of continued litigation, I issued a "double blind" mediator's proposal to resolve the Action for $6,200,000.

12.     On January 23, 2023, I informed the parties that both sides had accepted the mediator's proposal.

13.     In my presence, the parties carried out extensive, detailed, and hard-fought discussions regarding the strengths and weaknesses of the case. I can readily attest that the negotiations between counsel for the parties were conducted at arm's length and were not collusive. In addition, my review of the papers presented to me and discussions with counsel have led me to conclude that all sides litigated the action in a vigorous, professional, and thorough

3

manner. It was also clear to me that both sides were well-prepared and fully capable of proceeding to a judicial resolution if a settlement could not be achieved.

14. I believe that the settlement of the Action represents a well-reasoned and sound resolution of highly uncertain litigation. Based on my experience as a mediator and an attorney, I therefore recommend the proposed settlement as reflective of the risks and potential rewards of the claims asserted. The settlement will confer a significant benefit on the settlement class. I believe that the settlement provides immediate, fair and adequate compensation to the settlement class as well as the benefits of avoiding the time, expense, and risk entailed in further litigation. I also believe the proposed settlement flows from the parties' assessment of the litigation risks. I respectfully recommend that the settlement be approved.

15. I understand that Lead Counsel is seeking an attorneys' fee award of one third of the settlement amount. While the Court will make its determination whether to approve the requested fee, in my opinion the requested fee is fair and reasonable in light of the substantial benefit conferred upon the class and the risks of continued litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___August 11, 2023___    _____
                                    Robert A. Meyer

4