**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID HOROWITZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNLANDS TECHNOLOGY GROUP, TONGBO LIU, YIPENG LI, JIANHONG YIN A/K/A PENG OU, LU LU, MICHAEL MINHONG YU, YANG WANG, GAONENG JI, SAM HANHUI SUN, XIAOCHUAN WANG, GOLDMAN SACHS (ASIA) L.L.C., CREDIT SUISSE SECURITIES (USA) LLC, AND J.P. MORGAN SECURITIES LLC,<br><br>Defendants. | No. 1:19-CV-03744-RML<br><br>CLASS ACTION |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTIONS FOR: (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD TO LEAD PLAINTIFF**

Lead Plaintiff David Horowitz ("Lead Plaintiff"), on behalf of himself and the Settlement Class, respectfully submits this reply memorandum of law in further support of his motions for: (1) Final Approval of the Class Action Settlement and Plan of Allocation (Dkt. No. 69); and (2) An Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and an Award to Lead Plaintiff (Dkt. No. 70). Lead Plaintiff also submits the Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; and (B) Report on Requests for Exclusion and Objections, dated September 20, 2023 ("Supp. Bravata Decl."), filed concurrently herewith, in support of his motions. Unless otherwise indicated, all capitalized terms have the meanings ascribed to them in the Stipulation of Settlement, dated May 8, 2023 (Dkt. No. 61) ("Stipulation").

The Court-ordered deadline for Settlement Class Members to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, or requested Award to Lead Plaintiff, or to opt out of the Settlement Class, was September 6, 2023. (*See* Dkt No. 67-1, ¶¶23, 29). To date, not a single objection has been filed (timely or otherwise) and there have been no requests for exclusion from any Settlement Class Members. Supp. Bravata Decl. at ¶¶8-9. This positive reaction of the Settlement Class strongly supports approval of the Settlement and the requested attorneys' fees, expenses, and Award to Lead Plaintiff. Therefore, the Court should enter the [Proposed] Order and Final Judgment, submitted concurrently herewith, and the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Award to Plaintiff (Dkt. No. 70-2).

### I. The Claims Administrator Completed a Robust Notice Program as Approved by the Court

Pursuant to the Preliminary Approval Order, the Claims Administrator completed a comprehensive notice program which included: mailing the Postcard Notice or emailing the link to obtain the Long Notice and Claim Form to 1,951 potential Settlement Class Members; disseminating the Summary Notice electronically over *GlobeNewswire* and in print in the

1

*Investor's Business Daily*; and publishing all relevant Settlement documents on the Claims Administrator's website. Supp. Bravata Decl. at ¶¶3-4; Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections ("Bravata Decl.") (Dkt. No. 71-2) at ¶¶10, 12.

The Long Notice describes the Action and the Settlement, includes the Plan of Allocation, and informs Settlement Class Members about their rights, including their rights to file a claim, request to be excluded from, or object to any aspect of the Settlement. (Bravata Decl., Ex. B). The Summary Notice directed Settlement Class Members to the Settlement website (www.strategicclaims.net/Sunlands/) and informed Settlement Class Members of their right to: (i) submit an objection to any aspect of the Settlement or to the requested awards of attorneys' fees and expenses; or (ii) request exclusion from the Settlement Class. (Bravata Decl., Ex. D).

## II. The Lack of Objections Supports Final Approval of the Settlement and the Request of Attorneys' Fees, Reimbursement of Expenses, and Award to Lead Plaintiff

The deadline to object to any aspect of the Settlement was September 6, 2023. Supp. Bravata Decl. at ¶9. No Settlement Class Members have objected to any aspect of the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, or the Award to Lead Plaintiff. *Id*.

A "[l]ack of objection is strong evidence of the settlement's fairness." *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974) (approving settlement where 20 objectors appeared from group of 14,156 claimants). "Indeed, the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our *Grinnell* inquiry." *Wal-Mart, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 119 (2d Cir. 2005); *see also, In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the

Settlement supports the inference that it is fair, reasonable and adequate."); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation."); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 240 (E.D.N.Y. 2013) (conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the relatively small number of opt-outs and absence of objections from class members").

The lack of any objections also supports awarding the requested attorneys' fees and expenses, the amounts of which were included in the Notice. *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable") (citation omitted); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) ("That only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable."); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) ("Not one person, company, or institution has filed an objection to the fee request or the expense reimbursement sought. As was true with the underlying settlement, this overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application.").

Finally, the lack of any objections to the requested Award to Lead Plaintiff also supports approval of this request. *See In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 184 (S.D.N.Y. 2014) (awarding lead plaintiffs' request for reimbursement of their costs and expenses, including lost wages, where class members were provided notice and did not object); *In re Flag*

3

*Telecom Holdings*, 2010 WL 4537550, at *31 (granting lead plaintiff awards when "[n]o objections to these requests have been filed"); *In re Par Pharm. Sec. Litig.*, No. CIV.A. 06-3226 ES, 2013 WL 3930091, at *11 (D.N.J. July 29, 2013) (awarding $18,000 to lead plaintiff when notice provided such an award would be sought and there were no objections).

### III.     The Lack of Requests for Exclusion Supports Final Approval of the Settlement

The deadline to opt out of the Settlement was September 6, 2023. The Claims Administrator has not received any requests for exclusion from the Settlement. Supp. Bravata Decl. at ¶8.

The lack of opt-outs from Settlement Class Members strongly supports final approval. *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (where only 16 of approximately 1,500 class members requested exclusion from the settlement, the "response demonstrate[d] strong support for the settlement."); *see also*, *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) (finding that 34 requests for exclusion in response to the mailing of nearly 400,000 notices was a "minimal" number that "militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable.").

Accordingly, the Settlement Class Members' universally positive reaction to the Settlement strongly favors final approval of the Settlement and Plan of Allocation as well as approval of the attorneys' fees, reimbursement of expenses, and Award to Lead Plaintiff.

### CONCLUSION

For the reasons stated herein and in Lead Plaintiff's previously filed memoranda, Lead Plaintiff respectfully submits that the Court should enter the [Proposed] Order and Final Judgment, filed concurrently herewith, and the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Award to Plaintiff (Dkt. No. 70-2).

| | |
|---|---|
| Dated: September 20, 2023 | Respectfully submitted, |

                                                          **THE ROSEN LAW FIRM, P.A.**

                                                        By: /s/*Brian B. Alexander*
Phillip Kim
Brian B. Alexander
Jing Chen
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
balexaner@rosenlegal.com
jchen@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

5