**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID HOROWITZ, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SUNLANDS TECHNOLOGY GROUP, TONGBO LIU, YIPENG LI, JIANHONG YIN A/K/A PENG OU, LU LU, MICHAEL MINHONG YU, YANG WANG, GAONENG JI, SAM HANHUI SUN, XIAOCHUAN WANG, GOLDMAN SACHS (ASIA) L.L.C., CREDIT SUISSE SECURITIES (USA) LLC, AND J.P. MORGAN SECURITIES LLC,<br><br>    Defendants. | No. 1:19-CV-03744-RML |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

On the 27th day of September, 2023, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation of Settlement dated May 8, 2023 (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Defendants; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that Notice substantially in the forms approved in the Court's Order Preliminarily Approving Settlement and Providing For Notice, dated June 14, 2023 and June 28, 2023, ("Preliminary Approval Order") was provided to all reasonably identifiable Settlement

1

Class Members and posted to the website of the Claims Administrator, in accordance with the specifications set forth in the order; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the order's specifications;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All capitalized terms used herein have the same meanings as set forth and defined in the Settlement Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiff, all Settlement Class Members, and Defendants.

3. The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiff and Lead Counsel fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular

forum; and (iv) the difficulties likely to be encountered in the management of the class action. The Settlement Class is being certified for settlement purposes only.

4. The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons who purchased publicly-traded American Depository Shares ("ADSs") of Sunlands pursuant or traceable to the registration statement and related prospectus issued in connection with Sunlands' March 2018 initial public stock offering (the "Sunlands IPO Offering Documents"). Excluded from the Settlement Class are Defendants; the officers, directors, and affiliates of Sunlands at all relevant times; Sunlands employee retirement or benefit plan(s) and their participants or beneficiaries to the extent they purchased or acquired Sunlands ADSs through any such plan(s); any entity in which Defendants have or had a majority ownership interest; immediate family members of any excluded person; and the legal representatives, heirs, successors, or assigns of any excluded person or entity. Notwithstanding this provision, any Investment Vehicle, as defined by the Settlement Stipulation, shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are those Persons who timely submitted valid requests for exclusion in accordance with the specifications set forth in the Preliminary Approval Order.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Plaintiff is certified as the class representative on behalf of the Settlement Class ("Class Representative") and Class Counsel previously selected by Plaintiff and appointed by the Court is hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

6. The Court hereby finds that the forms and methods undertaken to notify the Settlement Class of the Settlement and its terms and conditions meet the requirements of due

process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 77z-1, as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment.

7.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Stipulation and Settlement, including the Settlement Amount of six million, two hundred thousand dollars ($6,200,000), are, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Settlement Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiff, Settlement Class Members, and Defendants. Accordingly, the Settlement embodied in the Settlement Stipulation is hereby finally approved in all respects and shall be consummated in accordance with its terms and provisions.  The Parties are hereby directed to perform the terms of the Settlement Stipulation.

8.      The Action and the Amended Class Action Complaint For Violations of the Federal Securities Laws ("Complaint"), as well as all of the Released Claims, are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as and to the extent provided in the Settlement Stipulation and herein.

9.      In accordance with the terms of the Settlement Stipulation, Plaintiff, all Settlement Class Members (whether or not they submit a Proof of Claim or share in the Settlement Fund), and the Released Plaintiff Parties, on behalf of themselves, anyone claiming through or on behalf of any of them, their personal representatives, heirs, executors, administrators, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged each and every one of the Settlement Class Claims, and shall be deemed by this Settlement to, and shall be forever barred and enjoined from commencing, instituting, assisting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any of the Settlement Class Claims.

10.     In accordance with the terms of the Settlement Stipulation, Defendants, on behalf of themselves, their personal representatives, heirs, executors, administrators, successors, and assigns; any of their current or former officers and directors; and all of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged each and every one of the Defendant Claims, and shall be deemed by this Settlement to, and shall be forever enjoined from prosecuting each and every one of the Defendant Claims.

11.     Any and all claims for contribution arising out of any Released Claim (i) by any person or entity against any of the Released Parties and (ii) by any of the Released Parties against any person or entity are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable to the extent allowed by the Securities Act of 1933, the Private Securities Litigation Reform Act of 1995 and/or applicable common law. However, nothing in this Order and Final Judgment shall release or alter the contractual rights, if any, (i) between or among the Underwriter

5

Defendants under their applicable agreement among underwriters relating to any offering of ADSs by Sunlands, or (ii) between the Underwriter Defendants, on the one hand, and Sunlands, on the other hand, under any applicable underwriting agreements with respect to any right of indemnification in connection with the payment of the Settlement Amount or incurrence of defense costs, which claims as between the Underwriter Defendants and Sunlands shall not be barred, released or discharged by this Judgment.

12.    The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.    Neither this Order and Final Judgment, the Settlement Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a)    referred to or used against Defendants or against the Class Representative or the Settlement Class as evidence of wrongdoing by anyone;

(b)    construed against Defendants or against the Class Representative or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(c)    construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

(d)    used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Defendants in any proceeding other than such proceedings as may be necessary to consummate or enforce the Settlement Stipulation.

6

14.     Exclusive jurisdiction is hereby retained over Defendants and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

15.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

16.     There is no reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

17.     The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make with respect to the proposed Plan of Allocation or on Class Counsel's application for an award of attorneys' fees and expenses and for awards to the Class Representative for his participation in the Action on behalf of the Settlement Class.

18.     In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Settlement Stipulation, this Order and Final Judgment shall be rendered null and void and be vacated. The terms and conditions of the Settlement Stipulation shall govern any termination or the effect of any termination thereof.


Dated: _____, 2023        _____
                                HON. ROBERT M. LEVY
                                UNITED STATES MAGISTRATE JUDGE